## 59778. FORD MOTOR CREDIT COMPANY v. SPICER.

SMITH, Judge.

This is an action by appellee Edward A. Spicer against Ford Motor Credit Company for conversion of a certain Lincoln automobile. Earlier appearances of this case are reported in 144 Ga. App. 383 (241 SE2d 273) (1977) and 146 Ga. App. 800 (247 SE2d 535) (1978). The case has proceeded to verdict in favor of appellee. We affirm.

1. In its first enumeration of error, appellant asserts that the trial court erred in excluding testimony relating to routine procedures for payments on accounts. The excluded testimony was offered to establish that First National Bank of Atlanta, which handled appellant's collection and bookkeeping, made a notation in the regular course of business on checks providing an indication of the account to which credit should be applied. Even assuming that the trial court erred in refusing to admit the testimony (see *Serve v. First Nat. Bank,* 143 Ga. App. 239 (237 SE2d 719) (1977); Code § 38-711), the error was harmless. The trial court did not restrict the business entry foundation laid by appellant on direct examination and the restricted information was admitted on cross-examination. See *White v. Hammond,* 129 Ga. App. 408 (199 SE2d 809) (1973); CPA § 61 (Code Ann. § 81A-161).

2. In his second enumeration, appellant contends the trial court erred in refusing to allow testimony that no coupon was received with appellee's payment. However, evidence establishing this fact was already in the record. Additional testimony would have been cumulative. Assuming without deciding the relevancy and admissibility of the proffered evidence, we find no harmful error.

3. Appellant's third enumeration alleges the trial court erred in refusing to charge the following: "If a payment is made by a debtor to a creditor holding more than one claim against the debtor, the debtor has the right to direct the claim or account to which the payment is to be credited. If the debtor fails to give such direction, the creditor has the right to select the claim or account to which the payment is to be credited." While the requested charge may be a substantially correct statement of the law (see Code § 20-1006), the trial court did not err in failing to charge it. The requested charge was not authorized by the evidence.

4. In his fourth enumeration, appellant asserts that the trial court "erred in refusing to permit Appellant, Ford Motor Credit Company, to impeach Plaintiff, Edward A. Spicer." This contention is meritless. The proposed impeachment evidence consisted of appellee's admitting, at a previous trial, receipt of a letter dated

August 18, 1969, which, at the current trial, he denied receiving. Appellant, while conceding that "some confusion existed" concerning exhibit numbers, invites this court to examine the record in the prior trial under authority of *Young v. Jones,* 140 Ga. App. 66 (1) (230 SE2d 32) (1976). Having done so we find that the trial court's ruling was correct. Appellant's previous admission of receipt relates to a different letter than the one of August 18.

5. In Enumeration 5, appellant alleges: "The verdict and judgment against Ford Credit for actual damages which included an award for hire is so excessive in light of the evidence as to indicate undue bias and prejudice against Fort Credit and is unreasonable as a matter of law." The court entered judgment on a jury verdict of $21,574.00 actual damages. Appellant calculates that $16,642.25 is for hire. At $150.00 per week, which is the rental value established in this case, the judgment amounts to rental for just over three years. We note that appellee requested hire for almost five years.

Appellee was entitled to elect a verdict for the value of the automobile at the time of conversion plus hire from that date to trial. Code § 107-105; *O'Neill Mfg. Co. v. Woodley,* 118 Ga. 114 (1) (44 SE 980) (1903); *Commercial Auto Loan Corp. v. Baker,* 73 Ga. App. 534 (37 SE2d 636) (1946). Under the election for value plus hire, recoveries have been upheld for more than twice the value of the property converted. See *O'Neill Mfg. Co. v. Woodley,* supra; *Commercial Auto Loan Corp. v. Baker,* supra. We cannot say that the amount of the judgment indicates undue bias and prejudice against Ford Credit or is unreasonable as a matter of law.

6. Appellant asserts in enumeration 6 that "[s]ince Plaintiff, Edward A. Spicer, failed to establish the value of the allegedly converted vehicle on the date of the alleged conversion, the verdict and judgment entered thereon for actual damages is contrary to law and without evidence to support it." We cannot agree. Appellee testified that on the date that it was taken, the value of the car itself was $8,695.00. Although appellee was not an expert, he was entitled to state his opinion, giving his reasons therefor. See Code § 38-1709; *Brooks v. Fincher,* 150 Ga. App. 201 (257 SE2d 326) (1979). Although other evidence of value is in the record, it need not be recited here. Appellee's testimony was sufficient. There being some evidence to support the jury verdict and no evidence of bias or prejudice toward appellant, we find no merit in this enumeration.

7. The verdict, including the award of exemplary damages and attorney fees, was authorized by the evidence and was not contrary to law. The remaining enumerations of error require no further consideration.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED APRIL 16, 1980 — DECIDED NOVEMBER 21, 1980 —

Morton P. Levine, Sam F. Lowe, Jr., Stephen H. Block, for appellant.

Rex T. Reeves, Merrell Collier, for appellee.