61859. GENERAL FINANCE CORPORATION OF GEORGIA v. HENDERSON.

Sognier, Judge.

General Finance Corporation of Georgia (General Finance) repossessed a 1975 Cadillac from George and Della Henderson. George Henderson sued General Finance for wrongful repossession, seeking to recover damages for the value of the automobile and its reasonable value for hire from the time of the repossession. The jury returned a verdict in favor of Henderson, including $6,000 for "damages as to hire." The sole issue on appeal is whether there was sufficient evidence to support the award of the value for hire of the automobile.

Appellant contends that the trial court erred in allowing Henderson and his wife to testify regarding the value for hire of the automobile and in denying its motion for directed verdict on this issue. Henderson testified that he had never rented a Cadillac but that he had had experience in renting smaller, cheaper cars at $10 to $20 per day, and that weekly and monthly rates were less. He also testified that based on this experience he estimated that a Cadillac would probably rent for $20 to $35 per day or $15 to $20 a day on a weekly basis. Mrs. Henderson testified that she was familiar with rental rates of cars because she had called car rental agencies in connection with her employment and had rented cars on occasion. Based on this experience, she testified that an economy car would rent for $9 to $10 per day.

In an action for conversion, a plaintiff "may recover the value of the property at the date of the conversion . . . with a reasonable hire from that date to the date of trial . . ." *Commercial Auto Loan Corp. v. Baker,* 73 Ga. App. 534, 540 (37 SE2d 636) (1946). The evidence disclosed that the Cadillac had been repossessed on October 16, 1975 and that it was sold sometime in December 1975. The trial of the case took place on April 2, 1980. The trial court properly instructed the jury on reasonable hire. Thus, in awarding Henderson $6,000 in actual damages for reasonable hire, the jury found the value for hire to be approximately $3.60 per day. The value for hire is not unreasonable under the circumstances. *Ford Motor Credit Co. v.*

*Spicer,* 156 Ga. App. 541, 542 (275 SE2d 116) (1980).

"Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but one may testify as to value, if he has had an opportunity for forming a correct opinion." Code Ann. § 38-1709. Henderson and his wife gave their opinions as to rental value of automobiles and their reasons for forming that opinion based on their knowledge, experience and familiarity in renting cars. We find no error in the admission of such testimony. *Toney v. Johns,* 153 Ga. App. 880, 881 (267 SE2d 298) (1980). The fact that Henderson testified that he had not rented a Cadillac previously but that he had rented other types of cars would go only to the weight of his testimony, not its admissibility. *Appling Motors v. Todd,* 143 Ga. App. 644, 645 (239 SE2d 537) (1977).

The evidence was sufficient to allow the jury to determine damages for the reasonable rental value of the car. *Apostle v. Prince,* 158 Ga. App. 56, 58 (279 SE2d 304) (1981). Hence, appellant's motion for directed verdict on rental value was properly denied.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 14, 1981 —
REHEARING DENIED OCTOBER 30, 1981 —

*Lewis N. Jones,* for appellant.
*Joseph H. King, Jr.,* for appellee.