64346. IN THE INTEREST OF J. C.

SHULMAN, Presiding Judge.
Appellant, age 13, was charged in juvenile court with motor vehicle theft. It appears that appellant took a brief "joy ride" in a truck, during which the vehicle was damaged. The juvenile court found appellant delinquent and ordered restitution to the owner of the truck in the total amount of $1,492 to be paid in installments of $10 weekly. Appellant challenges the propriety of the award of restitution on the ground that the record contains no evidence from which the court could have made a proper determination of the value of the damage to the victim's truck. Appellant also challenges, on hearsay grounds, the court's admission into evidence of a repair estimate and, on competency grounds, the testimony of the owner of the vehicle relating to its value.

1. We agree that the court should have excluded the repair estimate. The document was offered through the testimony of the victim, who was not the preparer of the document. Insofar as this witness was concerned, the document and its contents were pure hearsay. Code Ann. § 38-301. Both the document and testimony about its contents were objectionable, and the court erred in admitting the document into evidence and allowing the witness to testify as to its contents. *Sabo v. Futch,* 226 Ga. 352 (3) (175 SE2d 16).

2. Exclusion of the repair estimate and testimony about its contents leaves the record devoid of any evidence concerning the value of the damage to the vehicle in question. The victim, who was the only witness to address the value question, stated that he had made no independent evaluation of the damage. His testimony provided no competent evidence on the issue concerning the value of the damage to the vehicle in question. Code Ann. § 38-1709; *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782).

3. "Code Ann. § 27-2711 (7) provides that a probationer shall

not be required to make restitution as a condition of probation 'if the amount is in dispute unless the same has been adjudicated.' " *Johnson v. State,* 156 Ga. App. 511 (274 SE2d 669). Although § 27-2711 deals "with adult offenders and has no relationship to the juvenile courts whose powers are delineated in the Juvenile Court Code [Code Ann. § 27-2717]" (*P.R. v. State,* 133 Ga. App. 346, 349 (210 SE2d 839)), a juvenile court cannot order restitution as a condition precedent to probation without making "a judicial determination as to the amount of the loss or damage" (id.) similar to that required under § 27-2711. Otherwise the infant would be subject to an arbitrary determination of the amount of damage, which could lead to the unjust result of allowing the "aggrieved individual to profit out of a sad situation." Id. Since the record in the present case contains no relevant or competent evidence on the value of damage to the subject vehicle, the court did not make a proper judicial determination of the amount of the loss.

Even though the court erred in ordering restitution in a specified sum when that sum was not supported by any relevant or competent evidence, there was ample evidence supporting the court's findings that the vehicle in question was damaged by the delinquent act of appellant and that restitution is a proper remedy. "The courts will not take judicial cognizance that any article is of value, unless the law itself so designates it. [Cits.] However, value, just as any other matter of proof, may be shown circumstantially or inferentially, as well as directly or positively." [Cits.] *Ayers v. State,* 3 Ga. App. 305, 307 (59 SE 924).

There was ample testimony from the victim from which the court could have inferred that the vehicle was damaged and, thus, depreciated in value in some amount. Accordingly, an order of restitution in some amount is clearly supported by the record. Since the juvenile court retains jurisdiction over any child on probation to the court for the "sole purpose of completing, effectuating, and enforcing . . . [the] probation" (Code Ann. § 24A-301 (a)(1)(F)), "the court is authorized to conduct another hearing to adjudicate the . . . value [of the damage to the vehicle] in accordance with the rules of evidence, and thereafter to reinstate a restitution requirement in accordance with said adjudication." *Johnson v. State,* supra, p. 512.

*Judgment affirmed in part and reversed in part with direction. Quillian, C. J., and Carley, J., concur.*

DECIDED OCTOBER 8, 1982.

*Richard T. Taylor,* for appellant.

*William T. McBroom III,* for appellee.