77327. LOVELL v. THE STATE.
77328. SHOOK v. THE STATE.
(375 SE2d 658)

SOGNIER, Judge.

Ralph Lovell and Danny Shook were convicted in a joint trial of two counts of criminal damage to property in the second degree, aggravated assault, and public drunkenness. In addition, Lovell was convicted of criminal trespass, and Shook was convicted of a third count of criminal damage to property in the second degree. Both appeal.

The record reveals that on the night of November 7, 1987, appellants and Virginia Seppala entered a package store in Towns County, where Shook and Seppala attacked store clerk Tim Ivey, the son of the proprietor of the store. Ivey testified that Shook and Seppala hit him both with their hands and with a desk telephone, but that he was able to run outside to the VFW, about 500 feet away, to get his father, Jerry Ivey, who testified that when Tim reached him, he had a black eye and his face was bruised. The elder Ivey also testified that he hurried back to the package store, and as he approached it he saw Shook run out and get into a car. He took Shook back into the store, and, upon entering the premises with Shook, saw Lovell and Seppala throwing merchandise on the floor and knocking things around. He testified there were broken beer bottles, spilled beer and snack packages as well as large jars of sausages and eggs all over the floor, and the cash register and a radio had been thrown down and damaged. He testified the damage was in excess of $500. The authorities were called, and Deputy Sheriff Ronald Thacker testified at trial that appellants were "loud and boisterous and had a strong odor of alcoholic beverage" on their breaths. The tires on Ivey's vehicle, which was parked outside the store, had been slashed. A yellow case knife was recovered from Lovell, and Richard Ernest, a Senior Firearms Examiner at the State Crime Laboratory, testified that the cut marks in the tires were made by that knife. Seppala pled guilty and is not involved in these appeals.

Debra Barrett and Susan Shook testified to separate incidents, on the same day, in which their cars were vandalized. Barrett testified that her car seats were broken, the tires slashed, and the windows broken and that Shook had subsequently offered her "restitution" for the damage, which she testified was in excess of $500. Susan Shook testified that on that date, when she returned from an errand, she found her car tires slashed. She testified the damage was less than $500. Her daughter, who had been home while her mother was out, testified that she had seen Lovell slash the tires.

1. Appellants contend the trial court erred by charging the jury as to parties to a crime as well as on conspiracy. We note, however,

that the trial court specifically asked each counsel in turn whether there were any exceptions to the charge, and appellant Shook did not object to the charges, nor did he reserve objections. "The general rule is that a defendant in a criminal case is not required to except to a jury charge to preserve error for appeal. If however the trial court expressly asks if there is objection, this requires counsel to make objection or reserve his right to do so. The failure either to object or to reserve the right to object later raises a procedural default which bars subsequent appellate review of the charge. [Cit.]" *Rann v. State*, 183 Ga. App. 234, 236 (358 SE2d 644) (1987). Appellant Shook may not, therefore, raise this objection now.

Appellant Lovell argues, without citation to authority, that giving the charge on conspiracy in this case, when the appellants were charged only with completed acts and the charge on parties to a crime was given, overemphasized the fact that there were multiple defendants and confused the jury into believing that the burden of proof on the State was lessened. We do not agree. First, both charges were authorized. Although "[t]he indictment in this case did not allege the existence of a conspiracy between appellant [Lovell] and the other co-indictees . . . , ' "[i]t has been repeatedly held by this court that a conspiracy may be proved, though not alleged in the indictment or accusation. [Cits.]" [Cit.]' [Cit.] . . . ' "When individuals associate themselves together to do an unlawful act, any act done in pursuance of that association, by any one of the associates would, in legal contemplation, be the act of each of them." [Cits.]' [Cit.] Thus, the evidence authorized a charge on the law of conspiracy, and the trial court so charged." *Hart v. State*, 185 Ga. App. 141 (1) (363 SE2d 599) (1987). "[W]here the evidence in a criminal case shows that two or more persons were concerned in the commission of an alleged crime, it is not harmful error for the trial court to charge [as to parties to a crime] or to charge the jury on the law of conspiracy." *Battle v. State*, 231 Ga. 501-502 (202 SE2d 449) (1973).

Second, " '[i]t is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. [Cit.]' [Cit.]" *Turner v. State*, 180 Ga. App. 141, 142 (348 SE2d 572) (1986). Appellant has shown nothing in the charges given which might not be understood by jurors of ordinary understanding, nor do we find any such confusing matter in the charges given. Accordingly, we find no error in these charges.

2. In Case No. 77327, appellant Lovell contends the trial court erred by charging the jury regarding voluntary intoxication as a defense because neither Lovell nor Shook testified or otherwise raised voluntary intoxication as a defense. However, there was evidence that both appellants were intoxicated, which was sufficient to authorize

the jury to convict appellants on Count 4, public drunkenness, and there was no evidence that their intoxication was not voluntary. "Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue. [Cit.] Hence, the trial court did not err by charging the jury on [voluntary intoxication as a defense.]" *Johnson v. State*, 185 Ga. App. 505, 506 (1) (364 SE2d 893) (1988).

3. Lovell's final enumeration of error is that the evidence was insufficient to support the trial court's finding of the amount of restitution. We find merit in this enumeration.

"The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." OCGA § 17-14-9. " 'Damages' means all damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced . . . ." OCGA § 17-14-2 (2). It has long been the rule that an owner of property may not testify as to his opinion of the value of the property without giving his reasons therefor, and an opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value. To be admissible, testimony as to cost price must be coupled with other evidence such as a showing of the condition of the item both at the time of purchase and at the time its value is in issue. *Hoard v. Wiley*, 113 Ga. App. 328 (1), (2) (147 SE2d 782) (1966). In the case sub judice, a hearing was held on the issue of restitution, and Jerry Ivey testified only to a total figure for the beer damaged or destroyed in his store. Even after attempted rehabilitation on this very issue by the district attorney, he testified that the display cases which were emptied contained several different types of beer, and that he could not "really . . . give you the exact amount" of the fair market value of the beer that was destroyed that day, but only that it was closer to a higher figure than a lower figure. (We note that in *Hoard*, supra, the plaintiff sued to recover the value of cases of beer and wine and was similarly unsure of the exact amounts of each different brand, but nevertheless gave a total figure for damages, which was held insufficient.) It is thus apparent that the amount of restitution was set by approximation rather than by a proper opinion of the value of the items damaged. Accordingly, we are constrained to vacate that portion of the trial court's judgment setting the amount of restitution, and remand this case to the trial court for the amount of restitution to be set properly after hearing competent evidence.

The order regarding restitution was made joint and several and applied to both Lovell and Shook. Thus, while appellant Shook did not raise this issue in his brief on appeal, we find that "[i]t would seriously affect the fairness and integrity of the judicial system to allow an illegal and unauthorized sentence to stand [as to Shook while

reversing as to Lovell]," *Taylor v. State*, 186 Ga. App. 113, 115 (366 SE2d 422) (1988), and therefore the restitution order is vacated and remanded as to Shook as well. See generally *Almond v. State*, 180 Ga. App. 475, 479-480 (1) (349 SE2d 482) (1986).

4. Shook contends the trial court erred when charging the jury on Count 2, aggravated assault, by failing to charge the jury on the lesser included offense of simple battery. "The landmark [Georgia] Supreme Court decision of *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976), requires a criminal defendant to make a timely written request in order to later assign error on the failure to charge a lesser included offense not encompassed in an indictment." *Williams v. State*, 185 Ga. App. 633, 634 (2) (365 SE2d 491) (1988). As the record reveals that Shook did not request such a charge, there is no merit in this enumeration.

5. We find no merit in Shook's contention that the trial court erred by charging the jury on criminal damage to property in the second degree, because appellants were charged with that crime and "[t]he trial judge must charge the jury on each crime specified in the indictment or accusation, unless the evidence does not warrant a conviction of such crime, or unless the state has affirmatively withdrawn a crime or stricken it from the indictment or accusation." *State v. Stonaker*, supra at 2.

6. Shook finally contends the evidence was insufficient to authorize a conviction on all counts. We have examined the record carefully and find the evidence meets the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed in part and vacated and cases remanded in part. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 16, 1988.

*Albert F. Taylor, Jr.*, for appellant (case no. 77327).
*Claude S. Beck*, for appellant (case no. 77328).
*Michael H. Crawford, District Attorney, E. J. McCollum, Assistant District Attorney*, for appellee.