77447. SUTTON v. THE STATE.
(378 SE2d 491)

BEASLEY, Judge.

Defendant appeals his convictions of theft by receiving stolen property, OCGA § 16-8-7, and carrying a concealed weapon, OCGA § 16-11-126. His sole enumeration of error is that the trial court erred in requiring him to pay restitution in the amount of $3,108.

The trial court failed to enter written findings of fact concerning the factors specified in OCGA § 17-14-10, *Garrett v. State,* 175 Ga. App. 400, 401 (1) (333 SE2d 432) (1985), but defendant has not raised this issue which will therefore not be considered. *Morrison v. State,* 181 Ga. App. 400, 441 (352 SE2d 622) (1987).

The subject of theft by receiving was a truck owned by the victim

and insured by Prudential Insurance Company. Prudential paid the victim $6,302 for the vehicle and $450 as rental reimbursement. After the truck was recovered, it was auctioned for salvage in the amount of $3,894. The order to pay restitution awarded $250 to the victim, which was the amount of the insurance deductible, and $2,858 to Prudential, which constituted the difference between the amount it paid the victim, $6,752, and the amount it received for the truck as salvage.

Defendant contends the evidence does not support the award of restitution because: 1) there was no showing as to the market value of the truck and no basis to credit the value assigned, in that there was a large discrepancy resulting from the difference at which it was valued and the amount it brought at auction; 2) the $450 rental reimbursement was not recoverable since one cannot claim as damages both the actual market value of a vehicle and rental for loss of use; 3) there was no evidence that $250 was deducted from the amount of the victim's recovery from Prudential.

1. An employee of Prudential testified that the value assigned to the truck was based upon a consideration of the fair market value of a truck of comparable age and condition, utilizing a survey predicated on representative samples. He noted that the value received from the auction resulted from the "forced sale" nature of the transaction. We discern no violation of OCGA § 17-14-9 which limits the amount of restitution to not more than the victim's damages.

2. The $450 rental reimbursement was properly included in the amount of restitution although in a suit for damages to a vehicle one cannot ordinarily recover an amount in excess of the fair market value of the vehicle before it was damaged. *Lamon v. Perry*, 33 Ga. App. 248, 249 (125 SE 907) (1924).

" 'Damages' means all damages which a victim could recover against an offender in a civil action." OCGA § 17-14-2 (2). "[T]he statutory scheme requires the court to determine what type of civil action could be maintained by the victim, and to determine what the proper measure of damages would be in such a civil action." *Garrett*, supra at 404. The victim could maintain an action for conversion. Under that legal theory recovery of the value of the vehicle plus hire was permitted, even though the amount for rental might exceed the value of the property converted. *Ford Motor Credit Co. v. Spicer*, 156 Ga. App. 541, 542 (5) (275 SE2d 116) (1980). Accord *General Fin. Corp. of Ga. v. Henderson*, 160 Ga. App. 242 (286 SE2d 454) (1981).

3. There was no evidence that $250 was deducted from the amount tendered to the victim by Prudential. Prudential's employee testified that $6,752 (including $6,302 as market value of the truck and $450 rental reimbursement) was paid to the victim. Although the State argues that the record reveals that there was a $250 deductible

under the policy and one would reasonably assume that the insurance company would not offer a gratuity to the victim, such an assumption cannot serve as a replacement for evidence. This amount is not sustainable.

The judgment imposing restitution is affirmed on condition that the amount of $250 be eliminated; otherwise reversed.

*Judgment affirmed on condition. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 26, 1989.

*John O. Ellis, Jr.,* for appellant.

*Robert E. Wilson, District Attorney, Patricia G. Higginbotham, Barbara B. Conroy, Assistant District Attorneys,* for appellee.