A91A0599. LOMAX v. THE STATE.
(407 SE2d 462)

BEASLEY, Judge.

Following Lomax's plea of guilty to theft by receiving stolen property, OCGA § 16-8-7, the trial court ordered that Lomax pay restitution to the owner of the stolen 1964 Chevrolet Malibu. Lomax contends that the amount was not supported by the evidence and seeks a rehearing on the issue of restitution.

Lomax's testimony was that for two or three days he had observed the car, which had already been stripped, just sitting in the area where he lived. He was on his way to the store and saw a man in

a truck with a tow bar looking at the car. Lomax pretended to own the car and sold it to the man for $50.

The owner of the stolen car testified that at the time of the theft the car had been fully restored except for a paint job. The car was stripped when the owner recovered it from the salvage yard. The owner submitted a victim impact statement which detailed the parts and costs for restoration after recovery as well as other claimed damages. He also offered photographs of the car's engine prior to the theft. As restitution, the owner sought $5,309.18 for parts, $770 for labor (22 hours at $35 per hour), $50 for telephone calls about the car and the prosecution, $100 for gasoline for trips to check on the car (since at the time he lived out of state), $25 for photographs of the car, and $2,400 for three months of lost wages because of lack of transportation to start a new job.

The court allowed recovery for parts and labor, which amounted to $6,079.18, along with the cost of the telephone calls, photographs, $50 for gas, and $400 for lost wages, for a total of $6,604.18 in restitution. The court did not deduct a projected $3,750 in insurance reimbursement inasmuch as no insurance proceeds had been paid to the owner.

The parties agree that Lomax' actions in selling the car to a third party constituted an act of conversion for purposes of civil suit and thus, under OCGA § 17-14-2 (2), conversion damages are all that can be ordered as restitution. Lomax argues that inasmuch as his testimony was that the car was already a stripped shell when he obtained possession of it he should not be responsible for another's damage to the car prior to his own act of conversion.

The enforcement of restitution to victims by those found guilty of a crime is public policy in Georgia. OCGA § 17-14-1. "The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." OCGA § 17-14-9. " ' "Damages" means all damages which a victim could recover against an offender in a civil action.' OCGA § 17-14-2 (2). '(T)he statutory scheme requires the court to determine what type of civil action could be maintained by the victim, and to determine what the proper measure of damages would be in such a civil action.' [Cit.]" *Sutton v. State*, 190 Ga. App. 56, 57 (2) (378 SE2d 491) (1989). As trier of the facts, the court discounted appellant's testimony as to the condition of the car when he converted it and accepted the victim's testimony. See *Lee v. State*, 166 Ga. App. 485, 486 (2) (304 SE2d 446) (1983).

"In an action for conversion [in which the plaintiff elects a money judgment], a plaintiff 'may recover the value of the property at the date of the conversion . . . with a reasonable hire from that date to the date of trial. . . .' [Cit.]" *General Fin. Corp. of Ga. v. Henderson*, 160 Ga. App. 242 (286 SE2d 454) (1981). " ' "The market value of

goods is the price at which the owner of the goods, or the producer, holds them for sale; the price at which they are freely offered in the market to all the world; such price as dealers in the goods are willing to receive, and purchasers are made to pay, when the goods are bought and sold in the ordinary course of trade. . . ." ' [Cit.]" *Garrett v. State*, 175 Ga. App. 400, 404 (2) (333 SE2d 432) (1985).

The victim was seeking a money judgment inasmuch as what remained of the recovered car was merely the unpainted shell. There was no evidence of reasonable hire, nor any evidence of the car's value either at the time of its theft or after it was stripped. There was no opinion testimony in this regard from the victim/owner, see *Ford Motor Credit Co. v. Spicer*, 156 Ga. App. 541, 542 (6) (275 SE2d 116) (1980), or anyone else. The photographs were only of the car's engine. The owner's itemization of costs of parts and labor projected to restore the car following its recovery did not establish the car's actual market value prior to or after conversion. Cost price must be coupled with other evidence in order to show value. See *Lovell v. State*, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988).

The ordered damages extraneous to the "specific items of the car," i.e., gas, telephone calls, photographs, and wages were not recoverable as conversion damages or, hence, as restitution. Even if they were considered part of punitive damages, they would have to be excluded because restitution in the criminal case precludes punitive damages. See *Garrett*, supra at 404 (2).

There being insufficient evidence of the stolen car's value and no provision in law for the collateral damages, there was no legal basis for the restitution awarded. The court's order of restitution must be vacated in its entirety and the case remanded to the trial court to set an amount of restitution based on competent and relevant evidence and existing law. See *Lovell*, supra at 313 (3).

*Judgment vacated and case remanded. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 27, 1991.

*John O. Ellis, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, Thomas S. Clegg, Barbara B. Conroy, Assistant District Attorneys*, for appellee.