A91A0922. LOGGINS v. MITCHELL.
(411 SE2d 98)

COOPER, Judge.

Appellee brought suit against appellant d/b/a Ackworth Miniwarehouses for the alleged conversion of items stored by appellee in a storage bin owned by appellant. Appellant answered and filed a third-party complaint against Barbara Allen ("Allen") for indemnification. The case was tried before a jury, which returned a verdict in favor of appellee in the amount of $25,000 on the main claim and $25,000 in favor of appellant on the third-party complaint. Judgment was entered on the verdict, and this appeal followed the trial court's denial of appellant's motion for judgment n.o.v. or alternatively, for a new trial.

The record reveals that appellee entered into a contract with Ackworth Miniwarehouses for the storage of several items of personal property in 1984. The following year appellee went to get a lawn-mower from the storage bin and noticed that the locks had been changed, and his property was missing. He later learned that upon a mistaken belief that rental payments on the bin were past due, the manager of the facility, Vicki Asano ("Asano"), sold the contents of the bin to Allen for $150. Asano could not recall the specific items sold to Allen, and Allen did not appear at the trial.

1. Appellant contends appellee failed to prove his measure of damages in that only replacement cost of the items was offered as a basis for appellee's opinion as to the value of each item. At trial, appellee testified that the missing items were accumulated over a period of approximately 35 years. Relying on various retail catalogs, he prepared a list of the items and assigned current values to each, which

was stipulated to by the parties at trial "for purposes of proving the items and the value as testified to." The 16-page list included household items, tools, camping equipment, clothing, appliances and personal items which appellee valued at $35,621.28. Appellant contends that appellee's testimony alone was not sufficient to establish the value of the property because appellee did not state reasons for the values assessed.

"[T]he measure of damages where property has been converted is its market value at the time of the conversion." *Park v. Swann*, 20 Ga. App. 39 (3) (92 SE 398) (1917). One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion.' [Cit.] However, 'mere ownership of property does not authorize the owner to testify as to its value without giving facts on which he bases his opinion. However, a showing that the witness had some knowledge, experience or familiarity as to the value of the item is the requisite foundation.' [Cit.]" *White v. Miller,* 194 Ga. App. 816, 817 (392 SE2d 30) (1990). Here, the stipulation relieved appellee of an item by item analysis of the missing property. Appellee's testimony revealed that he had been buying such items since he was 15 years old and that the values assigned to each item were not merely replacement costs but his opinion of what they were worth at the time they were removed from the bin. Moreover, (a)s to everyday objects . . ., (the jurors) may draw from their own experience in forming estimates of market value.' [Cit.]" *White*, supra at 817. "The items involved in this case were of a relatively common nature, so that the jury was not limited to consideration of . . . opinion testimony in forming its own opinion of the property's market value. cits. Accordingly, even though [appellee] did not offer [specific reasons for the values assigned to each item], the jury was authorized to make its own assessment from the evidence of [market value]." *Atlanta &c. Bldrs. v. Polinsky*, 148 Ga. App. 181 (1) (250 SE2d 781) (1978).

2. Appellant also contends the trial court erred in failing to grant a continuance due to Barbara Allen's absence at the trial. OCGA § 9-10-167 (a) provides that "[a]ll applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require." Appellant requested a delay of one term of court to locate Allen and argues that Allen's testimony was essential to establish what items were purchased for $150 and to illustrate the disparity between the $150 figure and the $35,621.28 prayed for by appellee. While this might very well be true, the record reveals the case had been pending for five years, that it was stipulated to the trial calendar on June 2, 1990, for trial on July 16, 1990; that appellant's investigators began looking for Allen on July 13, 1990; that efforts to locate

Allen before the trial were unsuccessful; that after the trial, Allen was summoned to a post-judgment deposition by service on a friend at a residence where Allen purportedly lived; and that Allen failed to appear at the post-judgment deposition on September 6, 1990. In light of the fact that the record does not reflect that appellant has knowledge of Allen's whereabouts even as of this date, we find no abuse of discretion in the trial court's denial of the motion for a continuance.

3. Appellee's request for attorney fees for frivolous appeal is denied.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1991.

*Bovis, Kyle & Burch, Charles M. McDaniel, Jr.*, for appellant.
*Edward W. McCrimmon*, for appellee.