## A91A1320. HODGES v. THE STATE.
(411 SE2d 775)

SOGNIER, Chief Judge.

Joseph Hodges pled guilty to a seven count indictment and, after a restitution hearing was held, was found to owe his victims restitution in the amount of $4,750. He appeals contending the evidence was insufficient to authorize the judgment of $4,750 in restitution.

1. As to four counts of the indictment, appellant admitted his guilt regarding the burglary of Doug Turner's storage building and his theft by taking of tools, a 1986 Honda motorcycle, and a 1985 Honda motorcycle, but now contends the State failed to prove the value of these items.

"[T]he maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action. [Cits.]" *Lawrenz v. State*, 194 Ga. App. 724 (1) (391 SE2d 703) (1990). "It has long been the rule that an owner of property may not testify as to his opinion of the value of the property without giving his reasons therefor, and an opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value. To be admissible, testimony as to cost price must be coupled with other evidence such as a showing of the condition of the item both at the time of purchase and at the time its value is in issue. [Cit.]" *Lovell v. State*, 189 Ga. App.

311, 313 (3) (375 SE2d 658) (1988). "[T]he sufficiency of evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence. [Cit.]" *Lawrenz,* supra at 725 (1).

(a) As to the tools appellant took, Turner testified that he had used those tools to repair the equipment in his grading business, that he bought tools in the course of that business, and that he had also acquired some of the tools as gifts or as personal purchases. Admitted into evidence was an itemized list made by Turner of the tools that were not recovered, listing each tool's condition and the value Turner had estimated for each. The transcript thus establishes that Turner's opinion of the value of the tools was based on his experience as one who buys and uses tools in the course of his business, as well as on the condition of the tools when purchased and when stolen. Under the preponderance of the evidence standard, we find this evidence sufficient to establish the value of the tools for restitution purposes. *Lovell,* supra.

(b) As to the 1985 Honda motorcycle, Turner's testimony and the documentary evidence established that the motorcycle, which Turner had obtained through a trade, was in good running condition. Based on the trade he made for the motorcycle, together with the estimated value of the motorcycle from the dealer where it was originally purchased and the condition of the motorcycle when stolen, as well as its "black-book value," Turner valued the 1985 Honda motorcycle at $900. We find this evidence sufficient to support the amount of restitution awarded for the stolen 1985 motorcycle. Id.

(c) As to the 1986 Honda motorcycle, David Turner testified that he was the owner of the vehicle,[1] that he had owned it for a year and kept it very well maintained, and that he had expended approximately $500 on the motorcycle in rebuilding the engine, equipping it with new tires, and similar matters. Based on what he paid for the motorcycle, the work performed on it, and the "very good condition" of the motorcycle when it was stolen, and his "years of dealing with motorcycles and buying used motorcycles," he valued the vehicle at $1,200. We find no error in the trial court's award of restitution for the 1986 motorcycle based on this evidence. Id.

2. In the remaining count of the indictment at issue here, appellant admitted his guilt as to the theft by receiving of a Honda four wheeler owned by Elroy Warbington. Appellant contends that the evidence was insufficient to support the restitution ordered for this vehicle. We do not agree.

---

[1] Appellant in his brief expressly waived the error in the indictment setting forth Doug Turner as the owner of the 1986 motorcycle.

"The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." OCGA § 17-14-9. " 'Damages' means all damages which a victim could recover against an offender in a civil action. OCGA § 17-14-2 (2). The statutory scheme requires the court to determine what type of civil action could be maintained by the victim, and to determine what the proper measure of damages would be in such a civil action. [Cit.] The victim [of theft by receiving] could maintain an action for conversion. Under that legal theory recovery of the value of the vehicle plus hire was permitted . . . . [Cits.]" (Punctuation omitted.) *Sutton v. State*, 190 Ga. App. 56, 57 (2) (378 SE2d 491) (1989). See also *Lomax v. State*, 200 Ga. App. 233, 234 (407 SE2d 462) (1991).

The evidence established that the 1989 vehicle, purchased for $3,300, was 20 months old when stolen in September 1990, and that Warbington and his insurer estimated the value of the stolen vehicle at $2,640 based on a ten percent depreciation per year. Warbington testified he received $1,640 from his insurer because of the $1,000 deductible on his policy. Based on this evidence, we find no error in the trial court's award of $1,000 in restitution for the vehicle. See *Lovell*, supra; compare *Sutton*, supra at 57-58 (3). We note that no claim was made for reasonable hire, and although the vehicle was recovered damaged (with the insurer assuming possession), no evidence was adduced regarding the devaluation of the vehicle attributable to that damage.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 23, 1991 —
RECONSIDERATION DENIED NOVEMBER 4, 1991 —

*Rafe Banks III*, for appellant.

*Garry T. Moss, District Attorney, T. Russell McClelland III, C. David Gafnea, Assistant District Attorneys*, for appellee.