A94A1783. IN THE INTEREST OF M. D., a child.
(448 SE2d 43)

BLACKBURN, Judge.

A delinquency petition was filed in the Cobb County Juvenile Court alleging that the appellant, M. D., committed the offenses of theft by taking specific property and theft by receiving specific items of stolen property. Both allegations involved property valued in excess of $500. M. D. subsequently admitted to theft by receiving stolen property and the theft by taking allegation was dismissed. Following a dispositional hearing, M. D. was adjudicated delinquent and in need of rehabilitation, and was placed upon probation subject to certain conditions, including the payment of $803 in restitution, which is the subject of this appeal.

1. In his first enumeration of error, M. D. contends that the trial court erred in ordering restitution to be paid on a football that was allegedly stolen but was not specifically set forth in the petition which he did not admit receiving. However, M. D. did not voice an objection at the hearing on this issue, and it is well-settled that this court cannot consider issues not properly raised before the trial court. *City of Dalton v. Smith*, 210 Ga. App. 858 (1) (437 SE2d 827) (1993). M. D. argues that this issue was preserved for appellate review by his mother when she stated in response to the trial court's order of restitution that she was not informed until the hearing that the football was one of the items stolen. Even assuming that this statement is viewed as an objection, we are unaware of any authority which would allow a juvenile's mother to make such a vicarious objection when the represented juvenile failed to do so. See *Phillips v. Phillips*, 159 Ga. App. 676 (285 SE2d 52) (1981).

2. Next, M. D. maintains that the trial court erred in ordering restitution on the football because there was insufficient evidence introduced at the hearing on its value. M. D. does not raise an issue as to the amount of restitution ordered on the other items, and accordingly the evidence on the value of those items will not be addressed.

"The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages. . . . It has long been the rule that an owner of property may not testify as to his opinion of the value of the property without giving his reasons therefor, and an opinion as to value based solely on cost price is inadmissible in evidence as it has no probative value. To be admissible, testimony as to cost price must be coupled with other evidence such as a showing of the condition of the item both at the time of purchase and at the time its value is in issue." (Citations and punctuation omitted.) *Lovell v. State*, 189 Ga. App. 311, 314 (3) (375 SE2d 658) (1988).

At the restitution hearing in the case sub judice, Robin Daniel testified that several items of property were taken from her home on November 15, 1992, including 11 video games, four Batman collector figurines, a penguin mobile, and a Pittsburgh Steelers superbowl football. In her opinion, the superbowl football was worth $300. On cross-examination, she admitted that she did not know if $300 was the price that she paid for the football, and further admitted that she based her opinion on the value of the football on what she had been informed by her husband, a collector of memorabilia. She did not otherwise indicate the basis for her opinion on the value of the football, did not state the condition of the item at the time that it was taken, and did not provide a basis for her husband's valuation of the item. Based upon this testimony, the trial court concluded that "it's not unrealistic to think that there might be some value to this football, but there is — since we have no way of knowing how that value was

assessed, I'm just gonna knock it down to $200 and leave it at $200."

Considering this evidence, "[i]t is thus apparent that the amount of restitution was set by approximation rather than by a proper opinion of the value of the items damaged." Id. at 313. Consequently, that portion of the trial court's judgment setting the amount of restitution on the football must be vacated, and the case remanded to the trial court for the amount of restitution to be set properly after a hearing on competent evidence. See id.

*Judgment affirmed in part and vacated and case remanded in part. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1994.

*Roger L. Curry*, for appellant.

*Thomas J. Charron, District Attorney, Amy H. McChesney, Assistant District Attorney*, for appellee.