A96A0464. IN THE INTEREST OF C. B., a child.
(470 SE2d 493)

POPE, Presiding Judge.

This minor was adjudicated delinquent after admitting to the charge of theft by receiving stolen property, a 1989 Ford Escort. OCGA § 16-8-7. In this appeal, C. B. challenges the court's order requiring him to make restitution of $250 to the vehicle's owner. We agree the juvenile court erred in basing its restitution order on improper grounds.

1. Under the restitution statutes, a court may order a defendant to reimburse the victim for "all damages which [the] victim could recover against an offender in a civil action." OCGA § 17-14-2 (2). "The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." OCGA § 17-14-9. As we have previously noted, one goal of this statutory scheme is to make the victim whole. *Garrett v. State*, 175 Ga. App. 400, 403 (2) (333 SE2d 432) (1985). Because theft by receiving is analogous to the civil tort of conversion, the court may award the victim of this crime the value of the property at the date it was converted plus the rental value of the vehicle from that date until the date of trial. *Hodges v. State*, 201 Ga. App. 729, 730 (2), 731 (411 SE2d 775) (1991); *Lomax v. State*, 200 Ga. App. 233, 234 (407 SE2d 462) (1991).

The transcript of the court's restitution hearing in this case shows the court failed to use that measure of damages. Testimony showed only that the owner's automobile insurer had paid her $2,847 for the car, which it considered "totalled." She further testified the "deductible" on her insurance was $200 but did not specify whether that amount was deducted from the check she received. She purchased a replacement vehicle for $3,800, and the juvenile court ordered C. B. to make restitution based on a portion of the difference between the amount she received from her insurer and the price of her replacement vehicle, plus the deductible. This method of calculating restitution did not comply with the law. See, e.g., *Lomax*, 200 Ga. App. at 234-235.

2. Although the record before us does not support the trial court's award, it appears restitution in some amount is appropriate here. *In*

*the Interest of J. C.*, 163 Ga. App. 822 (3), 823 (296 SE2d 117) (1982). We cannot determine that amount based on the insurance deductible, because the transcript does not reflect whether the owner was responsible for that deductible. See *Sutton v. State*, 190 Ga. App. 56, 57-58 (3) (378 SE2d 491) (1989). Neither is the record sufficient to support a finding that the value of the vehicle at the time of conversion was $2,847, although the victim received a check for that amount from her insurer. See Id. at 57 (1); *In the Interest of M. D.*, 214 Ga. App. 380, 381 (2) (448 SE2d 43) (1994); and *J. C.*, 163 Ga. App. at 822 (2), illustrating the evidence necessary to support such a finding. We note that in cases where insurers have paid for crime-related losses, the trial courts have authority to order restitution be paid to the insurer. See, e.g., *Sutton*, 190 Ga. App. at 57. As we did in *J. C.*, 163 Ga. App. at 823 (3), and *M. D.*, 214 Ga. App. at 382 (2), we remand this case to the juvenile court for a hearing to determine, based on competent evidence, an appropriate amount of restitution and the proper recipient or recipients of that restitution pursuant to the court's authority under OCGA §§ 15-11-5 (a) (1) (F) and 17-14-5 (c).

*Judgment reversed and case remanded. Andrews and Smith, JJ., concur.*

DECIDED APRIL 3, 1996.

*Steven E. Phillips*, for appellant.
*Lewis R. Slaton, District Attorney, Sally A. G. Butler, Juliette O. W. Scales, Assistant District Attorneys*, for appellee.