## A10A0027. BROWNING v. THE STATE.
### (695 SE2d 291)

ADAMS, Judge.

Breanne Browning entered a negotiated guilty plea to theft by receiving stolen property (a vehicle) and was sentenced to first offender treatment. Following a hearing, she was ordered to pay restitution in the amount of $4,330.17, at the rate of $100 a month. She appeals, arguing in related enumerations of error that the restitution award was based on inadmissible hearsay, that the trial court erred in admitting certain opinion evidence and that the State failed to meet its burden of proving the amount of damages awarded as restitution. We agree and vacate the portion of the restitution order which is unsupported by sufficient evidence.

The principles governing an order of restitution are well established and in large part statutory. OCGA § 17-14-7 (b) provides that "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the state." Pursuant to OCGA § 17-14-9, "[t]he amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." (Citation and punctuation omitted.) *In the Interest of E. W.*, 290 Ga. App. 95, 97 (3) (658 SE2d 854) (2008). And as used in this context " '(d)amages' means all special damages which a victim could recover against an offender in a civil action . . . based on the same act . . . for which the offender is sentenced." OCGA § 17-14-2 (2).

> For this purpose, (d)etermination of the amount of damages must be based upon fair market value, which must be

determined exactly. On review of a restitution order, the appellate court has the duty of reviewing (the) transcript to determine whether each party has met his or her specified burden and determining whether a restitution award was supported by the preponderance of the evidence.

(Citations, punctuation and footnote omitted.) *McClure v. State*, 295 Ga. App. 465, 466 (673 SE2d 856) (2009).

As to the specific crime in this case,

[b]ecause theft by receiving is analogous to the civil tort of conversion, the court may award the victim of this crime the value of the property at the date it was converted plus the rental value of the vehicle from that date until the date of trial. *Hodges v. State*, 201 Ga. App. 729, [731 (2)] (411 SE2d 775) (1991); *Lomax v. State*, 200 Ga. App. 233, 234 (407 SE2d 462) (1991).

*In the Interest of C. B.*, 221 Ga. App. 102 (1) (470 SE2d 493) (1996). Thus, a trial court in a case involving a theft or theft by receiving case is authorized to award damages in an amount equal to the fair market value of the stolen goods as demonstrated by a preponderance of the evidence, said value being determined as of the time of the conversion. *Loggins v. Mitchell*, 201 Ga. App. 358 (1) (411 SE2d 98) (1991) (holding that the measure of damages of converted property is the market value at the time of conversion).

In this case, Melanie Thompson, a State Farm employee, testified that the insurance company was seeking to recover $4,530.17 from the defendant. The employee testified that this figure was derived by taking the total payout to the insured of $8,340.17, which included $7,066.50 for the stolen vehicle, $200 for items inside the car when it was stolen, and $573.67 for a rental car,[1] and then deducting from that amount the net amount the insurance company received when the car was recovered and sold at auction.[2]

On cross-examination, the witness further testified that the amount paid to the insured was based on the National Automobile Dealers Association ("NADA") retail value of the car, plus tax and tag. The witness testified that the "general" process the insurance company used to value a vehicle was to use the NADA value of the

---

[1] The trial court disallowed the amounts sought for the items inside the vehicle, and Browning does not appear to challenge the amount paid for the rental car.

[2] The vehicle was stolen on December 14, 2007, the claim was paid on January 11, 2008 and the vehicle was located on or about January 15, 2008.

vehicle, based on the vehicle identification number.[3] When asked whether she had knowledge of the condition of the vehicle, the witness testified that she had photographs of the vehicle taken by the estimator after the vehicle was recovered, but these photographs were not introduced into evidence and the witness did not give any opinion about the condition of the vehicle based on her review of the photographs. The witness further testified that she was not involved in the valuation of this particular vehicle, but that assigning values to vehicles is part of her everyday job duties. The witness also testified that she was not involved in the auction of the vehicle, which was handled by a salvage vendor.

Pretermitting whether, as Browning contends, this testimony was inadmissible hearsay,[4] or objectionable on the basis that a proper foundation had not been laid,[5] we agree with Browning that the State failed to prove the fair market value of the vehicle. The witness did not participate in the valuation of the vehicle and no evidence was presented concerning the condition of the vehicle at the time it was stolen. Moreover, no evidence was presented that the condition of the vehicle was considered in determining the value of the vehicle, which appeared to be based totally on the vehicle identification number. And although it is true, as the trial court noted, that the insurance company was forced to value the vehicle before it was recovered, this did not prevent the State from introducing evidence, such as testimony from the victim or others with such knowledge, concerning the condition of the vehicle at the time of the theft. Further, no explanation was offered concerning the discrepancy between the NADA value and the amount received for the vehicle at auction. Thus we find that the State failed to carry its burden of properly establishing the value of the vehicle, and that the restitution award cannot stand. *In the Interest of C. B.*, 221 Ga. App. at 102 (1) (the fact that the victim received a check from its insurer for a certain amount is insufficient to establish that amount as the value of the property). Cf. *Hodges*, 201 Ga. App. at 731 (2) (restitution upheld when the trial court ordered less than the amount the insured received from his insurer where evidence showed the purchase price of the vehicle, the

---

[3] Although the witness did not offer specific testimony on this point, it would appear that the vehicle identification number would be used to garner information about the vehicle if the vehicle was unavailable, such as in this case when the claim was paid out before the vehicle was recovered.

[4] As to this issue, see *Wilkerson v. State*, 246 Ga. App. 621, 622 (1) (540 SE2d 303) (2000).

[5] Browning's counsel posed the following objection at the hearing "She needs to lay a foundation as to how she knows . . . the condition of that vehicle and how they came to that amount." The trial court overruled the objection on the basis that it was premature, in essence stating that it was a matter for cross-examination. However, this ruling was error, since it was the State's burden to prove value, including establishing the basis for the witness's opinion.

age of the vehicle at the time it was stolen and the depreciation of the vehicle from the time of purchase to the time it was stolen); *Sutton v. State*, 190 Ga. App. 56, 57 (1) (378 SE2d 491) (1989) (insurance company employee testified that the value assigned to the truck was based on the fair market value of a truck of comparable age and condition, using a survey predicated on representative samples, and that the value received at the auction resulted from the "forced sale" nature of the transaction).

However, since it clearly appears that restitution for some amount was proper, we remand to the trial court for a hearing to determine, based on competent evidence, the value of the vehicle so that an appropriate award of restitution may be made. *Gray v. State*, 273 Ga. App. 747, 751 (2) (615 SE2d 834) (2005) ("where we have found the restitution evidence insufficient to sustain the award, we have consistently remanded the case for a new restitution hearing").

*Judgment vacated and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED APRIL 22, 2010.

*Douglas P. Smith*, for appellant.

*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Assistant District Attorney*, for appellee.