**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 9, 2021**

# In the Court of Appeals of Georgia

A21A0196. DE LA CRUZ et al. v. THE STATE.

COLVIN, Judge.

Following a bench trial, Abel De La Cruz and Alex Armando Mazariegos were both convicted of one count of criminal damage to property in the second degree and ordered to pay restitution for damaging a tractor trailer. De La Cruz and Mazariegos appeal from the restitution order, contending that (1) the State failed to prove the fair market value of the trailer and (2) the trial court erred in failing to make specific findings of fact as to the factors set forth in OCGA § 17-14-10. Finding no error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant[s] no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). So

viewed, the evidence showed that in May 2016, De La Cruz and Mazariegos tagged[1] a tractor trailer by spray painting it with the names "Cerk" and "Reck." Following a police investigation, De La Cruz and Mazariegos admitted that they had tagged the trailer, and the case proceeded to a bench trial. At trial, the defendants stipulated to the State's evidence regarding the offense, but disputed the ownership of the trailer and the extent of the damages to it.

De La Cruz and Mazariegos were convicted as set forth above and sentenced to five years, to serve ninety days in confinement and the balance on probation. They waived a hearing on restitution, all parties filed briefs, and the court ordered $12,401 in restitution, with the defendants being held jointly and severally liable. This appeal follows.

1. The defendants contend that the State failed to prove the fair market value of the trailer as required for a restitution award. We disagree.

"Pursuant to OCGA § 17-14-9, the amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." *Browning v. State*, 303 Ga. App. 805, 805 (695 SE2d 291) (2010) (punctuation omitted). "Any dispute as to the

---

[1] "Tagging" is defined as "to provide or mark with" or "to supply with an identifying marker"; it describes a type of graffiti. See *Parks v. State*, 304 Ga. 313, 317 (1) (b) n.4 (818 SE2d 502) (2018) (punctuation omitted).

proper amount or type of restitution shall be resolved by the [trial court] by the preponderance of the evidence." OCGA § 17-14-7 (b). The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the State. See id.; accord *Ezebuiro v. State*, 308 Ga. App. 282, 285-286 (2) (a) (707 SE2d 182) (2011).

For purposes of restitution, "damages" refers to "all special damages which a victim could recover against an offender in a civil action based on the same act for which the offender is sentenced." *Browning*, 303 Ga. App. at 805 (punctuation omitted); see also OCGA § 17-14-2 (2). "[D]etermination of the amount of damages must be based upon fair market value, which must be determined exactly." *Browning*, 303 Ga. App. at 805-806.

The victims' testimony can establish the fair market value of the damaged item, so long as the testimony is fact-based. *Austin v. State*, 315 Ga. App. 713, 715 (727 SE2d 535) (2012); see *Barnes v. State*, 239 Ga. App. 495, 498 (1) (521 SE2d 425) (1999) ("The owner of property is considered to be qualified to state his opinion as to value."). See also OCGA § 24-7-701 (b) ("Direct testimony as to market value is in the nature of opinion evidence. A witness need not be an expert or dealer in an

3

article or property to testify as to its value if he or she has had an opportunity to form a reasoned opinion.").

The owners of the tractor trailer, a father and son, testified at trial. The son testified that they operate a fleet of ten to twenty tractor trailers, which they use to transport various goods. Accordingly, he was familiar with 53-foot trailers, like the trailer that was damaged. The son had been involved with the purchase of the trailer at issue in 2015, and such trailers generally cost $27,000 or more. Prior to the vandalism, the trailer was in "great condition," its fair market value was between $23,000 and $25,000, and they could make between $700 and $1,000 per day using the trailer to haul goods. Since the incident and until repaired, the trailer was unusable and worthless because Department of Transportation regulations prohibit driving a trailer marked with graffiti.

The father's testimony was similar. He has been operating tractor trailers since 1989, and they had used the vandalized trailer to haul two to four loads each week. The father had previously replaced panels on a trailer; he explained that a trailer panel could not merely be repaired or repainted, rather each damaged panel has to be replaced at a cost of at least $1,000 per panel. He testified that he had previously replaced three panels on a trailer, along with some damage to the roof and frame, at

4

a cost of $10,260. The father opined that the fair marked value of the trailer before it was vandalized was $27,500.

At the time of the trial, the trailer had not yet been repaired, although the son had obtained a quote from an authorized dealer. He had also previously repaired a trailer by replacing damaged panels, and he explained that it cost $1,000 to $2,000 to replace each damaged panel. The son testified that the defendants caused $15,000 worth of damage to the trailer. The State also admitted into evidence photos of the trailer, which showed that numerous panels had been affected by the defendants' graffiti. At the close of trial, the State requested restitution in the amount of $12,401, an amount equal to the repair quote.

De La Cruz and Mazariegos assert that the only evidence presented as to damages was the quote for the estimated repair cost of the trailer. They are incorrect. The court sustained the defendants' hearsay objection, and the quote itself was not admitted into evidence. See *Johnson v. State*, 314 Ga. App. 560, 564 (6) (724 SE2d 859) (2012) (noting that testimony from the victim as to repair estimates she received were inadmissible hearsay and could not sustain restitution award). But see *Barnes*, 239 Ga. App. at 498-499 (1) (a) (affirming admission of repair estimates to establish basis of victim's opinion as to cost of repair and fair market value).

5

Even in the absence of the repair estimate, however, and contrary to the defendants' arguments, the State presented sufficient evidence to support the court's award. Specifically, De La Cruz and Mazariegos argue that the State failed to present evidence regarding the condition of the trailer, how long the victims had owned it, its market value, and the amount of the damage. Given the evidence set forth above, this argument is also without merit. As noted, the son testified that the trailer was in "great condition" prior to being vandalized, that it had been purchased in 2015 for approximately $27,000, and that its value before the incident was at least $23,000, and that the damage was worth $15,000. See *Austin*, 315 Ga. App. at 715 ("[T]he fair market value may be established by testimony regarding the original price, coupled with the age of the item and its condition at the time of the crime.") (punctuation omitted). As the finder of fact, the trial court was permitted to credit this testimony. See *Matheson v. State*, 249 Ga. App. 200, 201 (1) (547 SE2d 774) (2001) ("In a bench trial, the trial court weighs the evidence and determines the credibility of witnesses.").

Moreover, the father and son owned and operated numerous tractor trailers and had previously repaired such trailers, providing a foundation for their opinions as to the fair market value and the son's opinion as to the repair cost. See *Barnes*, 239 Ga.

6

App. at 498 (1) ("Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion."). There was also evidence that the father and son had been using the trailer to haul two to four loads per week, making $700 to $1,000 per day hauling goods. Whether considered lost wages or lost profits, these damages were recoverable. See *Jackson v. State*, 334 Ga. App. 340, 342 (779 SE2d 402) (2015) ("[I]t is well established that lost wages are a form of special damages."); *Browning*, 303 Ga. App. at 805 (noting that victim may recover as restitution all special damages that could be recovered in a civil action against the offender).

The evidence presented at trial – including the opinion testimony that the fair market value of the trailer was at least $23,000 before being vandalized, the opinion testimony that the vandalism caused $15,000 worth of damage, the evidence of lost earnings, and the testimony that numerous panels of the trailer had to be replaced at great cost – was sufficient to establish by a preponderance of the evidence that the amount of damage to the trailer was *at least* $12,401. See *Austin*, 315 Ga. App. at 715 (holding that victim's testimony may establish fair market value); see also OCGA §

17-14-7 (b) (disputes as to the amount of restitution shall be resolved by the trial court); *Barnes*, 239 Ga. App. at 499 (1) (c) (finding no error in restitution award when the defendant had a full opportunity to cross-examine the witness regarding the value and costs associated with the damaged property). Accordingly, we affirm the restitution award.

2. De La Cruz and Mazariegos also contend that the trial court failed to make specific factual findings in its restitution order regarding the factors enumerated in OCGA § 17-14-10.[2] We find no error.

This Court has held that "in light of an amendment of the restitution statutes in 2005, a trial court no longer is required, before awarding restitution, to make written findings of fact concerning the factors set out in OCGA § 17-14-10." *Ezebuiro*, 308 Ga. App. at 286 (2) (b); accord *McCart v. State*, 289 Ga. App. 830, 832

---

[2] OCGA § 17-14-10 (a) provides: "In determining the nature and amount of restitution, the ordering authority shall consider: (1) The financial resources and other assets of the offender or person ordered to pay restitution including whether any of the assets are jointly controlled; (2) The earnings and other income of the offender or person ordered to pay restitution; (3) Any financial obligations of the offender or person ordered to pay restitution, including obligations to dependents; (4) The amount of damages; (5) The goal of restitution to the victim and the goal of rehabilitation of the offender; (6) Any restitution previously made; (7) The period of time during which the restitution order will be in effect; and (8) Other factors which the ordering authority deems to be appropriate."

(1) (658 SE2d 465) (2008); see Ga. L. 2005, p. 88, § 5 (deleting previous requirement that the court make written findings). Thus, the fact that the trial court made no specific factual findings in its order does not constitute reversible error. See *Ezebuiro*, 308 Ga. App. at 286 (2) (b).

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*