## 75735. HENDRIX v. THE STATE.
(368 SE2d 181)

BANKE, Presiding Judge.

The appellant was tried for leaving the scene of an accident, driving without insurance, and for violating OCGA § 40-6-40, which requires that vehicles be driven on the right half of the roadway except under certain specified circumstances. The trial court directed a verdict on the driving without insurance charge, and the jury subsequently acquitted the appellant of the offense of leaving the scene of an accident while convicting her of violating OCGA § 40-6-40. She was sentenced to serve 12 months on probation, fined $110, and ordered to pay $400 restitution to a railroad whose signal post she was accused of having knocked down.

The state presented an eyewitness who testified that he had seen the appellant's car approaching him, that it had veered across the centerline onto his side of the road, and that it had then run off the road on its own side, knocking down a railroad signal post. The witness identified the car by its license number, which he recorded. The appellant admitted having driven the car on the date and at the location in question but denied that the state's witness had been present or that she had driven across the centerline or hit anything. *Held*:

1. "It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict. [Cit.] Viewing the evidence in that light, we are satisfied that any rational trier of fact could have found appellant guilty

beyond a reasonable doubt. [Cit.]; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Blackman v. State*, 178 Ga. App. 88 (1) (342 SE2d 24) (1986).

2. The appellant contends that the order of restitution was not authorized by the evidence. We disagree. It may reasonably be inferred from the testimony of the eyewitness in this case that immediately after crossing over the centerline the appellant overcompensated, causing her vehicle to veer back to the right to such an extent that it left the roadway and struck the signal post. As used in the criminal restitution statute, the term " '[d]amages' means all damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced, except punitive damages and damages for pain and suffering, mental anguish, or loss of consortium." OCGA § 17-14-2 (2). The evidence in this case supports the conclusion that the damage to the sign post was proximately caused by the unlawful act of which the appellant was convicted. It follows that the trial court was authorized to order the appellant to pay restitution for the damage.

3. The appellant enumerates as error the admission, during the sentencing phase of the trial, of a copy of a bill showing the cost of repairing the signal post. It is contended that this document was inadmissible because it was irrelevant, the original was not accounted for, and it constituted hearsay. The first of these contentions is clearly without merit. As for the second and third, the witness who identified the bill testified that he was employed as an investigator for the railroad, that he was the custodian of the record, and that he had received the document from "the accounting department in Jacksonville" in the normal course of business. We hold that this constituted a sufficient showing to authorize the admission of the document as a "photostatic, microphotographic, or photographic reproduction of [an] original writing or record made in the regular course of business to preserve permanently by such reproduction the writing or record. . . ." OCGA § 24-5-26. See also OCGA § 24-3-14.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Sognier, Pope, and Beasley, JJ., concur. Carley and Benham, JJ., concur in part and dissent in part.*

CARLEY, Judge, concurring in part and dissenting in part.

I concur in Divisions 1 and 2 of the majority opinion. However, I must agree with the dissent to the extent that it opines that the copy of the bill showing the cost of repairing the signal post, relied upon by the trial court in fixing the amount of restitution, was inadmissible. In addition to the decisions relied upon in the dissent, in the whole court case of *City of Saint Marys v. Stottler Stagg &c.*, 163 Ga. App. 45, 47-48 (292 SE2d 868) (1982), the majority of this Court made it clear

that "[u]nless there is foundation testimony as required by the statute that the actual [document itself was] *made* in the regular course of business, it cannot be said that the evidence which is being offered is in fact a business record coming within the ambit of [OCGA § 24-3-14]. [Cits.]" (Emphasis supplied.) Accordingly, I believe that the case must be remanded for resentencing.

BENHAM, Judge, concurring in part and dissenting in part.

Although I agree with the majority's holding that the evidence was sufficient to convict appellant of a violation of OCGA § 40-6-40, and I concur in the affirmance of the conviction, I agree neither with the conclusion that the restitution ordered in this case was legal nor with the holding that the evidence of damages was admissible. For those reasons I dissent in part.

1. "The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." OCGA § 17-14-9. " 'Damages' means all damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced. . . ." OCGA § 17-14-2 (2). The crucial language in the definition of damages is, "based on the same act . . . for which the offender is sentenced. . . ." The only sentence imposed on appellant in this case was imposed for violating a statute requiring drivers to drive on the right half of the road. The testimony that appellant's car crossed the centerline was the testimony which authorized the conviction. However, the evidence here also shows that she returned to her own side of the road before leaving the roadway and striking the signal post. Had that evidence shown that appellant continued across the centerline and struck something on the wrong side of the road, a different question might be presented. While the railroad may have a right to recover from appellant for the damage done to its signal post, the proximate cause of that damage was not that appellant's car crossed the centerline of the road.

I agree completely with the majority's finding that it may be inferred that appellant overcompensated after crossing the centerline, and that the overcompensation caused her car to veer off the roadway and into the signal post. However, appellant was not convicted of and sentenced for overcompensating, for veering off the roadway, for striking the signal post, or even for failing to maintain control of her vehicle. She was sentenced for crossing the centerline. While that may have been an act of negligence, it was not *the* act of negligence which proximately caused the damage to the railroad and for which the railroad could recover its damages from appellant. In our haste to ensure that the victim of appellant's bad driving be recompensed, we must not lose sight of the mandate of the statute. The victim is entitled to such damages as it could recover from appellant for the act for which

she was sentenced. She was sentenced for crossing the centerline of the road. If the railroad, in a suit to recover damages from appellant, proved no more than that she crossed the centerline of the road, it would not be entitled to damages. If it went on to prove that she then failed to maintain control of her vehicle and that her vehicle damaged railroad property while out of her control, it certainly would be entitled to recover damages from her. But, as I noted above, appellant was not sentenced for failing to maintain control of her vehicle, but for crossing the centerline. That act, the one for which she was sentenced, was not the proximate cause of the railroad's damages, and the order of restitution was contrary to this State's law and should be vacated.

2. The majority notes that the grounds upon which appellant objected to the admission of the evidence proffered by the State to establish damages were that it was irrelevant, that the original was not accounted for, and that it was hearsay. I find all three grounds meritorious.

First, because of my conviction that the imposition of a requirement of restitution was illegal, I am of the opinion that the evidence was irrelevant, there having been no showing that the railroad would be entitled to damages on the basis of appellant's act of crossing the centerline of the road.

Second, the Code section on which the majority relies to excuse the State's failure to account for the original of the document requires that the copy be made in the regular course of business. There was no testimony offered at trial to establish that the copy proffered as evidence was made in the regular course of business and no testimony was offered to account for the original. Having failed to meet the standard imposed by OCGA § 24-5-26, the State was not entitled to admission of its exhibit establishing the railroad's damages. See *State v. Mincey*, 167 Ga. App. 850 (1) (308 SE2d 18) (1983).

Third, the State did not lay the foundation required by OCGA § 24-3-14 to overcome the hearsay nature of the document on which it relied to prove the railroad's damages. Although the witness, an investigator, did testify that he was the custodian of the record, there was no evidence that the bill was *made* in the regular course of business or that it was the regular course of business to make the record at the time of the occurrence. The evidence offered by the State was that some unknown person submitted a form to the railroad's accounting office and that someone there sent a copy of it to the witness. The bill was clearly hearsay and the State's failure to make the showing required by the statute rendered the evidence inadmissible. *Harris v. Collins*, 149 Ga. App. 638 (4) (255 SE2d 107) (1979).

For all the reasons stated above, I concur in the affirmance of appellant's conviction, but dissent to the affirmance of the imposition

of restitution.

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 31, 1988 — 

*James A. Yancey, Jr.*, for appellant.
*Douglas Gibson, Solicitor*, for appellee.