A91A0902. BURKE v. THE STATE.
(410 SE2d 164)

SOGNIER, Chief Judge.

Lesley L. Burke, a/k/a Lesley L. Burtch, entered a plea of guilty to the charge of theft by taking an automobile. Following the trial court's acceptance of his plea a restitution hearing on the issue of damage to the automobile was held before sentencing. This appeal challenges the restitution portion of the sentence imposed.

1. Appellant contends the trial court erred by ordering restitution when it was not authorized by law. Appellant argues that although he pled guilty to theft by taking the automobile, he did not admit damaging it, and no evidence was adduced at the hearing showing that he did so. Thus, he contends, restitution for damaging the car was neither "based on the same act or acts for which [he] was sentenced" within the meaning of OCGA § 17-14-2 (2) nor authorized by the evidence.

We do not agree. OCGA § 17-14-2 (2) defines the damages recoverable as restitution as "all damages which a victim could recover against an offender in a civil action . . . based on the same *act or acts* for which the offender is sentenced, except punitive damages and damages for pain and suffering, mental anguish, or loss of consortium." (Emphasis supplied.) Id. The statute does not require that the damage be the direct result of the *crime* committed, but only that it be "based on the same act or acts." In the case sub judice, the owner testified that the car was in good condition when *it* was stolen and

that it was found abandoned in a ditch, in damaged condition, the day after it was stolen. Appellant admitted stealing the car. This evidence, although concededly circumstantial, supports the conclusion that the damage to the car was proximately caused by the unlawful act for which appellant was sentenced, i.e., appellant's theft of the car. *Hendrix v. State*, 186 Ga. App. 665, 666 (2) (368 SE2d 181) (1988). Appellant's argument to the contrary, see id. at 667 (1) (Benham, J. concurring in part and dissenting in part), was rejected by this court in *Hendrix*, supra at 666 (2). It follows that the trial court was authorized to order appellant to pay restitution for the damage. Id.

2. The record does not support appellant's contention that witness Keith Lester's testimony regarding the cost of repairing the car's body damage consisted entirely of hearsay quotations of prices taken from other sources. Rather, Lester testified that because the stolen vehicle was a Chevrolet Camaro, he used parts manuals published by General Motors to establish the price he would have to pay for the GM body parts necessary to repair it. Although he testified he also used these manuals as a guide to the amount of labor required for repairs, he also testified he had over 30 years' experience repairing cars and had "been in it long enough I know pretty well what time it takes to do a certain operation."

3. Appellant maintains the evidence was insufficient as a matter of law to support restitution in the amount of $5,000 because no evidence was adduced concerning the value of the car at the time it was stolen or after it was returned in damaged condition. We find merit in this enumeration.

"The amount of restitution ordered may be equal to or less than but not more than, the victim's damages." OCGA § 17-14-9. "[T]he victim's damages" for restitution purposes are defined in OCGA § 17-14-2 (2) as those the victim could recover in a civil action against the defendant, with certain specified exceptions inapplicable here. "The measure of damages in [a civil] action to recover for injuries to a motor vehicle caused by a collision or other negligence of a defendant is the difference between the value of the vehicle before and after the collision or other negligence, but where the owner has had the vehicle repaired, that loss can be established by showing the reasonable value of labor and material used for the repairs, and the value of any depreciation (permanent impairment) after the vehicle was repaired, provided the aggregate of these amounts does not exceed the value of the vehicle before the injury." *Perma Ad Ideas v. Mayville*, 158 Ga. App. 707-708 (282 SE2d 128) (1981).

In the case sub judice, the only evidence adduced at the restitution hearing concerned the cost of the repair labor and materials, the age of the car, and its condition prior to the theft. The cost of the

necessary body work alone was just over $4,000, and evidence was adduced showing that mechanical repairs were also done for an unspecified amount. Although this evidence may well support the trial court's conclusion that "the evidence does establish that at least [$5,000] is necessary to make the victim whole," no evidence was adduced showing the *value* of the car immediately prior to the theft. Consequently, we cannot determine whether the restitution awarded, which was based on the cost of repairs alone, exceeded this amount and thereby violated the mandate of OCGA § 17-14-9.

We note finally that we do not agree with the State that appellant waived his right to raise this contention on appeal by failing to object below to the amount of restitution set by the trial court. Where a hearing is held to adjudicate the amount of restitution, the defendant's first opportunity to question the sufficiency of the evidence presented to support the amount of restitution ordered comes only after the trial court's pronouncement of its ultimate determination of the amount of restitution following the close of the evidence. In those circumstances, a contention that the evidence was insufficient to support the amount of restitution may be raised in a motion for a new trial, but may also be raised on appeal, regardless of whether it was raised in a motion for new trial. See OCGA § 5-5-40 (g).

The State misinterprets our statement in *Westmoreland v. State*, 192 Ga. App. 173, 177 (384 SE2d 249) (1989) that "a defendant who does not agree to the amount of restitution ordered by the trial court is normally required to contest the issue at the time the condition is imposed." (Citations and punctuation omitted.) Stated in the negative, OCGA § 42-8-35 (7) requires that "[u]nless otherwise provided by law, no reparation or restitution to any aggrieved person for the damage or loss caused by [the probationer's] offense shall be made if the amount is in dispute unless the same has been adjudicated." Id. Pursuant to that statute, this court has held that "[u]nder OCGA § 42-8-35 '(a) defendant is only entitled to adjudication of the restitutionary amount when that amount is in dispute.' [Cit.] Thus, *as a prerequisite to such an adjudication*, the defendant must dispute the amount of restitution ordered by the trial court. [Cit.]" (Emphasis supplied.) *Williams v. State*, 180 Ga. App. 854, 855-856 (3) (a) (350 SE2d 837) (1986). Our statement in *Westmoreland*, supra, quoting *Williams*, is not applicable to the facts sub judice because in *Westmoreland* the appellant had himself suggested the inclusion of restitution for other crimes in the restitution amount to be set at the hearing, and had affirmatively agreed to the amount set below, both of which were later enumerated as error on appeal. In this case, the record discloses that at the hearing held to adjudicate the disputed restitution amount appellant, through counsel, vigorously cross-examined the State's witnesses, raised objections to the speculative nature of

certain of the State's evidence, and urged the trial court that although it "could consider the actual cost of repairs," it could do so only "*so long as it didn't exceed the value of the vehicle itself.*" (Emphasis supplied.)

Accordingly, we remand this case to the trial court for the taking of evidence regarding the value of the car in its condition prior to the theft. Should that value prove to be less than $5,000, the excess should be written off the amount of restitution. See generally *Lovell v. State*, 189 Ga. App. 311, 313-314 (3) (375 SE2d 658) (1988).

*Sentence vacated and case remanded with direction. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*L. Eddie Benton, Jr.*, for appellant.

*C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.

