## S97A0167. IN RE T. B.
### (486 SE2d 177)

HINES, Justice.

This appeal challenges the constitutionality of former OCGA § 15-11-41 (g).[1] For the reasons which follow, we reject the challenge.

On March 2, 1994, T. B., a juvenile, was adjudicated delinquent by the Juvenile Court of Gordon County for acts of child molestation and aggravated child molestation against his brothers and sister. T. B. was committed jointly to the Department of Children & Youth Services (DCYS) and the Gordon County Department of Family & Children Services (DFCS). The commitment to DCYS was for a period of two years. Near the end of that time, DCYS moved for an extension of custody pursuant to former OCGA § 15-11-41 (g). The juvenile court conducted a hearing in the matter at which T. B. was represented by an attorney and a guardian ad litem. T. B.'s counsel argued that former OCGA § 15-11-41 (g) violated the substantive due

---

[1] OCGA § 15-11-41 was rewritten in 1996, but the revised statute did not go into effect until July 1 of that year, subsequent to the hearing in this case.

Former OCGA § 15-11-41 (g) reads:

Except as otherwise provided by law, any other order of disposition in a proceeding involving delinquency, unruliness, or deprivation, except in an order involving the appointment of a guardian of the person or property of a child, continues in force for not more than two years. The court may sooner terminate its order or extend its duration for further periods. An order of extension may be made if:

(1) A hearing is held prior to the expiration of the order upon motion of a party or on the court's own motion;

(2) Reasonable notice of the factual basis of the motion and of the hearing and opportunity to be heard are given to the parties affected;

(3) The court finds that the extension is necessary to accomplish the purposes of the order extended; and

(4) The extension does not exceed two years from the expiration of the prior order.

process and double jeopardy provisions of the State and Federal Constitutions. On March 25, 1996, the court entered an order extending T. B.'s custody in DCYS for an additional period of two years from the date of the original commitment. In its ruling, the juvenile court found as fact that all participants, including the guardian ad litem, stipulated and agreed that T. B. was in need of continuing sex offender treatment at a specific psychiatric facility and that a continuation of commitment to DCYS to obtain such counseling would be in T. B.'s best interest. The court also concluded as a matter of law that former OCGA § 15-11-41 (g) did not violate either the State or Federal Constitution.

T. B. urges that the juvenile court erred in refusing to find the statutory provision violative of federal and state constitutional protections against double jeopardy[2] because it permits the juvenile court to increase the sentence for a delinquent act after the juvenile has begun serving the sentence. However, the argument miscasts an extension of custody under the statutory scheme as a sentence of punishment and ignores the very purpose of Chapter 11 and Title 15. See *In the Interest of M. J. F.*, 191 Ga. App. 792, 793 (5) (383 SE2d 173) (1989). Compare *Harris v. State*, 261 Ga. 859, 860 (2) (413 SE2d 439) (1992), cited by appellant.

The express purpose of the Juvenile Court Code is to assist, protect, and restore children whose well-being as secure members of society is threatened. OCGA § 15-11-1 (1). In furtherance of that goal, the Legislature created a comprehensive civil forum[3] for the treatment and protection of juveniles. OCGA § 15-11-38. *In the Interest of S. H.,* 220 Ga. App. 569, 571 (469 SE2d 810) (1996). The statutory scheme is "replete with distinctions between criminal matters and matters concerning juveniles alleged delinquent. . . . The juvenile code is concerned with the care, guidance, and well-being of children . . . , [and] [j]uveniles are declared delinquent because they need treatment and rehabilitation. OCGA § 15-11-2 (7)." *In the Interest of M. B.*, 217 Ga. App. 660, 661 (458 SE2d 864) (1995).

It is certainly true that "constitutional considerations must necessarily transcend even the most admirable legislative purposes." *In the Interest of S. H.*, supra at 571, citing *In the Interest of S. L. H.*, 205 Ga. App. 278, 280 (422 SE2d 43) (1992). However, here there is no conflict. An order of extension under former OCGA § 15-11-41 (g) operates to further the accomplishment of the juvenile's treatment and rehabilitation, and thus, does not run afoul of the constitutional

---

[2] T. B. does not separately invoke the state statutes addressing double jeopardy. See OCGA §§ 16-1-6; 16-1-7; 16-1-8.

[3] T. B. complains of a civil standard of proof; but, this is not enumerated as error, nor was it ruled on by the lower court.

prohibitions against double jeopardy.
*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1997.

*Scott J. Forster,* for appellant.
*T. Joseph Campbell, District Attorney, Rebecca B. Paris, Assistant District Attorney,* for appellee.