A07A0740. HAWTHORNE v. THE STATE.
(648 SE2d 387)

MILLER, Judge.

Russell Hawthorne pled guilty to a burglary indictment charging that, on March 3, 2006, he and co-defendants Alice Armour and Cory Brooks unlawfully entered a lumber mill known as Forsyth Hardwoods (the "Sawmill") with intent to commit a theft. After a hearing, the trial court ordered that *each* defendant pay the Sawmill restitution in the amount of $30,000 to repair the damages done to the Sawmill incident to the theft of copper wiring from the facility as well as rewiring it.

---

Hawthorne appeals the restitution order only, contending that there was insufficient evidence to prove that he and his co-defendants were the proximate cause of the Sawmill's damages. Alternatively, Hawthorne argues that the trial court's restitution award was error as based on speculative evidence. Finding that the evidence on the amount of restitution was insufficient, we affirm the conviction, vacate the restitution order, and remand the case for a new restitution hearing.

Viewed in the light most favorable to the trial court's verdict, the evidence shows that on March 3, 2006, the Sawmill's owner, Roger Williams, noticed that unknown individuals had stripped the Sawmill of most of its copper wiring. Williams observed automobile tracks indicating that the perpetrators had entered the premises through a cemetery and over a barbed fence at the back of the property. Thinking that the perpetrators might return to finish the job, Williams staked out the area from the Sawmill's second floor filing room. The following morning, Hawthorne, Armour, and Brooks drove into the Sawmill by the same route and parked their pickup in the location where tire tracks indicated the perpetrators had parked the day before. Hawthorne brought pulleys and other tools necessary for pulling wire. Once inside the Sawmill, he went to the facility's main power room, a location in which Williams had noticed similar tools not belonging to the Sawmill. Williams then confronted Hawthorne and Brooks. Discovered, Hawthorne and Brooks fled, joined by Armour who waited outside in the pickup. Their arrests followed later that day. Damages to the Sawmill were estimated to be $100,000.

1. Hawthorne challenges the sufficiency of the State's evidence regarding the amount of damages. We agree.

Determination of the amount of damages must be based upon fair market value, which must be determined exactly. *Lovell v. State*[, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988)] (evidence insufficient when amount of restitution determined by approximation). The correct determination for the amount of restitution is the fair market value of the property rather than the replacement cost. See *Sutton v. State*[, 190 Ga. App. 56, 57 (1) (378 SE2d 491) (1989)] (value assigned to the property for which restitution ordered based upon a consideration of the fair market value of a truck of comparable age and condition). See also *Hoard v. Wiley*[, 113 Ga. App. 328, 333-334 (2) (147 SE2d 782) (1966)] (testimony regarding cost price must be coupled with evidence showing condition of item both at time of purchase and at time of

loss). *Gaskin v. State*[, 221 Ga. App. 142, 145 (3) (b) (470 SE2d 531) (1996)]; *Cardwell v. State*[, 225 Ga. App. 337 (484 SE2d 38) (1997)].

*Jackson v. State*, 250 Ga. App. 617, 618 (552 SE2d 546) (2001).

Here, Williams and his predecessor-in-title, Johnny Selmon, testified that damages to the Sawmill were in the amount of $100,000. In doing so, however, both witnesses testified only as to the replacement value of the damage rather than fair market value. Williams did so on the basis that he had invested $600,000 in the Sawmill and Selmon because he had rewired a smaller sawmill 22 years earlier for $30,000.

"It has long been the rule that an owner of property may not testify as to his opinion of the value of . . . property without giving his reasons therefor. . . ." *Lovell*, supra at 313 (3). Likewise, if opinion evidence as to the value of an item is to have probative value, it "must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion." (Punctuation omitted.) *Gray v. State*, 273 Ga. App. 747, 750 (2) (615 SE2d 834) (2005).

Since the State's evidence as to the amount of damages was limited to the cost of replacement, such evidence was speculative and insufficient to sustain the award for no consideration of the fair market value of a sawmill of comparable age and condition in addition to the cost of replacing the stolen wire. *Gray*, supra at 751. Accordingly, we vacate the trial court's restitution order and remand the case for a new hearing on restitution.

2. Hawthorne's claim that the trial court erred in ordering restitution when the evidence presented did not establish that he and his co-defendants caused the damage is without merit.

"The sufficiency of evidence to support an order of restitution is measured by the preponderance of the evidence. *Evans v. State*, 204 Ga. App. 458 (419 SE2d 532) (1992); *Lawrenz v. State*, 194 Ga. App. 724, 725 (1) (391 SE2d 703) (1990)." *Crozier v. State*, 233 Ga. App. 831 (1) (506 SE2d 139) (1998). The evidence showed that Hawthorne, Armour, and Brooks entered the premises of the Sawmill and parked in the same location the unknown perpetrators had on the previous day. Tools not belonging to the Sawmill and necessary for pulling wire had been left in the main power room. On entering the Sawmill, Hawthorne went to such location. Similar tools were found in Hawthorne's pickup.

"Preponderance of evidence" is defined as "that superior weight of evidence upon the issues involved, which, while not enough to free

the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." OCGA § 24-1-1 (5). Under the preponderance of the evidence standard, the trial court did not abuse its discretion in concluding that Hawthorne, Armour, and Brooks were the proximate cause of the damage to the Sawmill.

*Judgment of conviction affirmed. Order of restitution vacated and case remanded with direction. Barnes, C. J., and Smith, P. J., concur.*

DECIDED APRIL 27, 2007.

*Leo J. Kight, Jr.*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.