658 S.E.2d 854 (2008)
In the Interest of E.W., a Child.
No. A07A2170.
Court of Appeals of Georgia.
March 6, 2008.
*856 Joan Russell Risher, for appellant.
Tommy K. Floyd, District Attorney, Thomas L. Williams, Assistant District Attorney, for appellee.
ELLINGTON, Judge.
In this juvenile delinquency case, E.W. appeals from a restitution order entered by the Juvenile Court of Henry County. This Court granted E.W.'s application for interlocutory appeal. On appeal, E.W. contends that the juvenile court erred in failing to make written findings of fact in support of the restitution order, erred in allowing inadmissible hearsay about the victim's repair costs, and violated the prohibition against double jeopardy. For the following reasons, we vacate the restitution order and remand this case to the juvenile court.
The record shows the following undisputed facts. On November 20, 2006, the Juvenile Court of Henry County conducted a delinquency hearing during which 13-year-old E.W. admitted to throwing a rock at a car while someone was inside, an act which, if committed by an adult, would have constituted a terroristic act, OCGA § 16-11-37(b), and disorderly conduct, OCGA § 16-11-39(a). Based upon this admission, the juvenile court entered an order requiring E.W. to write a letter of apology to the victim, write three book reports, and maintain good behavior. The order provided that final disposition of the case would be held in abeyance for 180 days and that the court would dismiss the charges if E.W. complied with these conditions for that period. If E.W. failed to comply with the conditions, however, the court could hold him in contempt and his case would be returned to the court for final disposition.
In January 2007, the State filed a motion to amend the court's order to include a provision requiring E.W. to pay the victim $201.27 in restitution. In March 2007, four months after the court entered the original order, it conducted a hearing on the State's motion, during which the victim testified that rocks thrown by E.W. and another juvenile, R.G., dented his car and scratched the paint. The victim then testified, over E.W.'s hearsay objection, that it was going to cost $410 to repair his car. According to the victim, he based this number on an estimate he had received from a repair shop, although he could not identify the shop or the person who gave him the estimate. He did not present any evidence of the value of the car before and after it was damaged. At the time of the hearing, the victim had not had his car repaired.
Based solely upon the victim's testimony regarding the estimated cost to repair the damage, the court ordered E.W. to pay half of the repair costs. On March 19, 2007, the court entered a written order (hereinafter, "the restitution order") amending the original order to require E.W. to pay restitution in the amount of $205.27 as a condition of the order before the 180 day abeyance period expired in May 2007. OCGA §§ 15-11-66(a)(5); 17-14-5.
1. Before reaching the merits of this case, this Court notes that the instant appeal followed our grant of E.W.'s application for interlocutory appeal. See OCGA § 5-6-34(b). In our order granting the application, this Court questioned whether the juvenile court's restitution order was a final order that was directly appealable or whether it was subject to the application requirements for interlocutory appeals. We instructed the parties to address this issue in their briefs. Upon further consideration, however, we conclude that resolution of this issue is not required in this case. Because E.W. filed his notice of appeal following this Court's grant of his application for interlocutory appeal, this case now stands in the same procedural posture as a direct appeal from a final judgment, and this Court is authorized to decide this case on its merits. OCGA § 5-6-34(b). Therefore, the issue of whether the restitution order in this case is a final judgment or interlocutory order is moot.
2. E.W. contends the juvenile court erred in ordering him to pay restitution without *857 making written findings of fact in compliance with OCGA § 17-14-10. OCGA § 17-14-10 requires an "ordering authority," in this case, the juvenile court, to conduct a hearing and consider several factors in determining the amount of restitution, including: the present financial condition of the offender; his probable future earning capacity; the amount of damages; the goal of restitution; the goal of rehabilitation; any prior restitution; and the length of time the restitution order will be in effect.
In a recent case, McCart v. State,[1] this Court concluded that, due to changes in the relevant statutes, the ordering authority is no longer required to make written findings on the OCGA § 17-14-10 factors when ordering an offender to make restitution. Instead, on appeal from a restitution order, the appellate court shall review the hearing transcript "to determine whether each party has met his or her specified burden and . . . whether a restitution award was supported by the preponderance of the evidence." Id. at ___(1), 658 S.E.2d 465. Accordingly, the juvenile court's failure to make written findings on the OCGA § 17-14-10 factors does not constitute reversible error.
3. In a related argument, E.W. contends that the court erred in allowing inadmissible hearsay about the cost of repairing the victim's car and that, as a result, the restitution order cannot stand because there was insufficient evidence of the amount of damages. We agree.
Under OCGA § 17-14-7(b):
Any dispute as to the proper amount or type of restitution shall be resolved by the ordering authority by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the state. The burden of demonstrating the financial resources of the offender or person being ordered to pay restitution and the financial needs of his or her dependents shall be on the offender or person being ordered to pay restitution. The burden of demonstrating such other matters as the ordering authority deems appropriate shall be upon the party designated by the ordering authority as justice requires.
"The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." (Citation and punctuation omitted.) Cardwell v. State, 225 Ga.App. 337, 338, 484 S.E.2d 38 (1997). "Fair market value is the measure of such damages and it must be determined exactly." (Citation omitted.) Id. The victim may prove damages by establishing the fair market value of an item before and after it was damaged, as long as the victim's testimony is fact-based rather than mere conjecture. In the Interest of R.V., 283 Ga.App. 355, 356(2), 641 S.E.2d 591 (2007), overruled on other grounds, McCart v. State, 289 Ga.App. at ___, 658 S.E.2d 465; Gray v. State, 273 Ga.App. 747, 749-750(2), 615 S.E.2d 834 (2005). Further, evidence of the cost to repair an item might be sufficient to establish the amount of damages. In the Interest of A.F., 236 Ga.App. 60(1), 510 S.E.2d 910 (1999) (a lay witness may give his opinion as to the value of the damage as long as he states the facts on which he bases his opinion or otherwise demonstrates that he had the opportunity to form a correct opinion). Even if the State establishes the fair market value of the property at issue, however, restitution "is not synonymous with civil damages. The amount of the victim's damages is only one factor for a court to consider in determining the amount of restitution. The [trial] court must also consider the offender's present financial condition and future earning capacity, as well as the goal of rehabilitation to the offender." (Citations omitted.) Harris v. State, 261 Ga. 859, 860(1), 413 S.E.2d 439 (1992). See OCGA § 17-14-10.
In this case, the State presented no evidence of the fair market value of the car before and after the damage occurred. Further, the only witness to testify at the restitution hearing was the victim, who testified that he had gotten a repair quote from an unidentified person and that this person had told him that it would cost "about [$]410" *858 to repair the damage to the car. This testimony constituted inadmissible hearsay. Cardwell v. State, 225 Ga.App. at 338, 484 S.E.2d 38. Consequently, under these circumstances, the evidence was insufficient to support the restitution order, and a new restitution hearing is required. Gray v. State, 273 Ga.App. at 751(2), 615 S.E.2d 834 ("where we have found the restitution evidence insufficient to sustain the award, we have consistently remanded the case for a new restitution hearing") (citations and footnotes omitted).
4. E.W. contends that the juvenile court violated the constitutional prohibition against double jeopardy by conducting a restitution hearing four months after it entered the original order and amending the order to add a requirement that he pay restitution. E.W. claims that this impermissibly increased his punishment after he had begun serving his sentence. See Harris v. State, 261 Ga. at 860-861(2), 413 S.E.2d 439 ("Since restitution is punishment when ordered as part of a criminal sentence, the trial court cannot increase the amount of restitution after the defendant begins serving a sentence absent the defendant's consent.") (citation and footnote omitted). Pretermitting that E.W. failed to raise this argument below, and even though we have vacated the restitution order at issue, we address this issue because it is likely to arise again upon remand of this case to the juvenile court.
The express purpose of the Juvenile Court Code is to assist, protect, and restore children whose well-being as secure members of society is threatened. In furtherance of that goal, the Legislature created a comprehensive civil forum for the treatment and protection of juveniles. The statutory scheme is replete with distinctions between criminal matters and matters concerning juveniles alleged delinquent. The juvenile code is concerned with the care, guidance, and well-being of children, and juveniles are declared delinquent because they need treatment and rehabilitation.
(Citations, punctuation and footnote omitted; emphasis supplied.) In re T.B., 268 Ga. 149, 150, 486 S.E.2d 177 (1997) (finding a juvenile court's order extending custody of a delinquent juvenile for two additional years pursuant to former OCGA § 15-11-41 (g) (now OCGA § 15-11-70(a)) did not run afoul of the constitutional prohibition against double jeopardy because it furthered the accomplishment of the juvenile's treatment and rehabilitation). In OCGA § 17-14-5(a), the legislature expressly recognized that, as a matter of state policy, "restitution is consistent with the goal of rehabilitation of delinquent juveniles." Further, under OCGA § 15-11-40(b), "[a]n order of the [juvenile] court may . . . be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child."
Based upon this authority, we conclude that the juvenile court is authorized to amend its original order to include a provision requiring E.W. to pay restitution if it finds that there are changed circumstances which require the amendment in order to serve E.W.'s best interest and promote his rehabilitation, as long as the court also complies with the requirements of OCGA § 17-14-10 and there is sufficient evidence to support the amount of restitution ordered. See Divisions 2 and 3, supra. Under such circumstances, the juvenile court will not violate the constitutional prohibition against double jeopardy. See In re T.B., 268 Ga. at 150, 486 S.E.2d 177.
Judgment vacated and case remanded with direction.
ANDREWS, P.J., and ADAMS, J., concur.
NOTES
[1] 289 Ga.App. ___, 658 S.E.2d 465 (2008), overruling in part Garrett v. State, 175 Ga.App. 400, 401(1), 333 S.E.2d 432 (1985), and its progeny.