## A11A2271. JOHNSON v. THE STATE.

(724 SE2d 859)

ANDREWS, Judge.

Michael Keith Johnson appeals from the judgment of conviction entered on jury verdicts finding him guilty of burglary and felony theft by taking, and from the trial court's order of restitution to the victim. For the following reasons, we affirm the judgment of conviction, vacate the restitution order, and remand for a new hearing on restitution.

1. Johnson claims the evidence was insufficient to support the guilty verdicts.

The State produced evidence that an unoccupied, family-owned farm house in Cobb County was entered by force and burglarized. The owner charged with maintaining and securing the property testified that, during her daily check of the house on November 29, 2009, she discovered that the house had been broken into through a door; that items of personal property — a Buck wood-burning stove, a Jenn-Air stove, a vacuum cleaner, a rug, and copper pipe — valued in excess of $500 had been stolen from the house; and that the house had been extensively damaged as a result of the copper water pipes being cut out of the walls and from under the house. As a result of the cut water pipe, the house basement was flooded, and the owner hired a company to pump out the water. An employee of the company testified that he found a wallet in the basement which was given to police investigating the burglary. The wallet contained Johnson's driver's license and other personal papers including a document identifying Johnson as a customer of Marietta Recycling, a business that buys scrap metal. An employee of Marietta Recycling testified that on November 30, 2009, the day after the burglary, Johnson sold them 108 pounds of copper pipe of the type used as water piping in houses. As similar transaction evidence, the State produced evidence that in 2005 Johnson pled guilty to the burglary of an unoccupied house where there was forced entry through a door and items of personal property were stolen from the house. The owner of the present house testified that she did not know Johnson and that he did not have permission to enter the house.

In his defense, Johnson produced testimony from his fiancé that in the latter part of 2009 Johnson let a man borrow his truck to get a pack of cigarettes; that Johnson always left his wallet in the truck; and that she saw the man bring the truck back the next day loaded with two stoves, including a wood-burning stove. The fiancé testified that, in the presence of Johnson, she told the man to leave and that the man went to a friend's house to ask her if she wanted to buy the stoves. The friend testified that the man came to her house driving Johnson's truck and offered to sell her a vacuum cleaner. The man identified by Johnson's fiancé and friend as driving his truck testified at trial and denied that he ever borrowed or drove Johnson's truck; denied that he tried to sell stoves or a vacuum cleaner; but admitted that he had two prior burglary convictions.

On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). So viewed, the circumstantial evidence linking Johnson to the burglary and theft by taking of property from the house was sufficient to exclude every other reasonable hypothesis save that of guilt and to support the jury verdicts finding Johnson guilty of both offenses beyond a reasonable doubt. OCGA §§ 16-7-1; 16-8-2; 16-8-12 (a) (1); 24-4-6; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Contrary to Johnson's contention, the theft by taking conviction did not merge into the burglary conviction. Johnson was charged with burglary under OCGA § 16-7-1 by entering the house with the intent to commit a theft therein, and with theft by taking under OCGA § 16-8-2 by unlawfully taking property from the house. Because the burglary conviction required evidence of an entry but not a taking, and the theft by taking conviction required evidence of a taking but not an entry, there was no merger under the "required evidence" test. *Drinkard v. Walker*, 281 Ga. 211, 212-216 (636 SE2d 530) (2006).

3. Johnson contends that the trial court erred by admitting evidence of his prior burglary conviction as a similar transaction because it was not sufficiently similar to the present burglary.

The State offered the prior burglary as similar transaction evidence on the basis that there was sufficient similarity between the prior burglary and the present burglary so that the former tended to prove the latter, and that the former was admissible to show Johnson's bent of mind and course of conduct. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). At a pre-trial hearing pursuant to Uniform Superior Court Rule 31.3 (B), the State showed that Johnson pled guilty to a 2005 burglary of an unoccupied house by forced entry through a door and that he stole items of personal

property from the house. Both the prior burglary and the present burglary involved unoccupied homes, forced entry through a door, and theft of personal property. A trial court's admission of similar transaction evidence will be upheld on appeal unless clearly erroneous. *Garrett v. State*, 253 Ga. App. 779, 781 (560 SE2d 338) (2002). We find no clear error in the trial court's conclusion that the prior burglary was sufficiently similar to the present burglary to be admitted as similar transaction evidence.

4. Johnson contends that the trial court erred by instructing the jury that recent possession of the stolen property would be a circumstance supporting an inference of guilt, unless there was a reasonable explanation for the possession of the property. Despite evidence that Johnson sold copper pipe the day after the burglary and that his truck was seen loaded with two stoves, Johnson claims the instruction was error because there was no evidence that he was ever in possession of any property stolen from the house. When the court asked for objections after giving the jury charge, Johnson made no objection on this ground. Nevertheless, under *State v. Kelly*, 290 Ga. 29, 31 (718 SE2d 232) (2011) and OCGA § 17-8-58 (b), we consider whether the instruction constituted plain error by inquiring "whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceeding." *Guajardo v. State*, 290 Ga. 172, 176 (718 SE2d 292) (2011) (citation and punctuation omitted). Under this inquiry, we find no plain error.

5. Johnson contends that the trial court should have granted his motion for a new trial because his trial counsel provided ineffective assistance.

> To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Terry v. Jenkins*, 280 Ga. 341, 342 (627 SE2d 7) (2006). To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight. *Strickland*, 466 U. S. at 689-690; *Franks v. State*, 278 Ga. 246, 250 (599 SE2d 134) (2004). In considering adequacy of performance, trial counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U. S. at 690. "A claim of

ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts." *Franks*, 278 Ga. at 250.

*Connelly v. State*, 295 Ga. App. 765, 768-769 (673 SE2d 274) (2009). Applying these standards, we find that the trial court correctly denied the motion for new trial because Johnson failed to show that trial counsel was ineffective.

Johnson claims trial counsel was ineffective for failing to object to testimony from the Marietta Recycling employee. The prosecutor asked the employee if 108 pounds of copper pipe — the exact amount Johnson sold the day after the burglary — would be about the amount you would expect "if copper was cut out of the basement of a home and some other select locations." The employee responded, "Yes, sir." But on cross-examination by trial counsel, the employee admitted that the pounds of copper pipe in a home would vary according to the size of the home, and that he had no idea where the 108 pounds of copper pipe Johnson sold came from. The record shows that, rather than objecting, trial counsel made a strategic decision to challenge the employee's testimony by effective cross-examination. Johnson failed to show that trial counsel was ineffective on this ground.

Johnson claims that trial counsel was ineffective in his response to videotape evidence introduced by the prosecutor. The videotape from Marietta Recycling showed Johnson's sale of the copper pipe the day after the burglary. According to Johnson, if trial counsel had stipulated to facts shown in the videotape, including the fact that Johnson drove the truck shown on the videotape, the prosecutor would not have also produced a detective who testified that the truck in the video was driven by Johnson. Aside from the fact that the prosecutor stated at the hearing on the motion for new trial that he would not have agreed to enter into any such stipulation, we find that trial counsel's decision not to offer to stipulate to those facts was made in the exercise of reasonable professional judgment. Johnson failed to show that trial counsel was ineffective on this ground.

Johnson claims that trial counsel was ineffective because he failed to adequately investigate the case prior to trial and failed to subpoena a critical witness. The record shows that trial counsel consulted with Johnson numerous times prior to trial, obtained discovery from the State and reviewed this material with Johnson, met with witnesses, and adequately prepared the case for trial. As to the claim that trial counsel failed to produce testimony from Johnson, the record shows that Johnson was advised of his rights and chose not to testify. As to the witness claimed to be critical to the

defense, the record shows that trial counsel attempted to locate the witness but could not find him, and Johnson confirmed that the witness could not be found prior to trial because he was out of state and unavailable. Johnson failed to show that trial counsel was ineffective on these grounds.

Johnson claims that trial counsel was ineffective because it was a fundamentally flawed defense tactic to call as a witness the man Johnson claimed committed the burglary. Trial counsel explained that, even though he expected the man to contradict other defense witnesses by denying any connection with Johnson's truck or the burglary, his trial strategy was to impeach the man with his two prior burglary convictions and to argue that he, not Johnson, committed the burglary. Johnson failed to show that this decision was not made in the exercise of reasonable professional judgment.

6. We agree with Johnson that the portion of the trial court's sentence ordering him to pay restitution to the victim in the amount of $5,000 for the value of stolen personal property and damage to the house must be vacated for lack of sufficient evidence. The measure of damages is the fair market value of the stolen personal property and the cost of repairs to the house. *In the Interest of E. W.*, 290 Ga. App. 95, 97-98 (658 SE2d 854) (2008). As to the stolen personal property, the State failed to produce evidence of fair market value at the restitution hearing; instead showing what the victim paid for the property when it was new or what the victim would have to pay for new replacement property. *Hawthorne v. State*, 285 Ga. App. 196, 197 (648 SE2d 387) (2007). As to the cost of repairing the house, the State produced only inadmissible hearsay — testimony from the victim as to repair estimates she received from third parties not available to be cross-examined. Id. Accordingly, the order of restitution to the victim in the amount of $5,000 is vacated and the case is remanded to the trial court for a new hearing on restitution.

*Judgment affirmed, order of restitution vacated and case remanded. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 2, 2012.

*Gary W. Jones*, for appellant.
*Patrick H. Head, District Attorney, Jason R. Samuels, Amelia G. Pray, Assistant District Attorneys*, for appellee.