**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 14, 2022**

# In the Court of Appeals of Georgia

A22A1487. TRAN v. THE STATE.

PHIPPS, Senior Appellate Judge.

After De Tran pled guilty to four counts of second-degree criminal damage to property and two counts of criminal trespass, the trial court ordered him to pay $15,529.75 in restitution to the victims. Tran appeals, contending that the trial court erred by: (i) denying his motion for a continuance of the restitution hearing; (ii) ordering him to pay restitution that exceeds the victims' damages; and (iii) failing to consider his financial circumstances. Because the trial court's restitution award is not supported by sufficient evidence, we vacate the award and remand for a new restitution hearing.

The record shows that Tran pled guilty to committing the charged offenses by puncturing the tires on, breaking the windows of, and scratching the two victims'

vehicles on multiple occasions in February and March 2021. The trial court imposed a total sentence of five years on probation, after awarding Tran credit for time served in custody, and scheduled a restitution hearing for several months later. At the conclusion of the restitution hearing, the court entered an order requiring Tran to pay $15,529.75 in restitution to the victims. This appeal followed.

1. We first address Tran's challenges to the sufficiency of the evidence to support the amount of restitution imposed. Where, as here, the parties dispute the amount of restitution to be paid, the State bears the burden of establishing, by a preponderance of the evidence, the amount of losses sustained by crime victims. OCGA § 17-14-7 (b). Thus, on appeal from an order of restitution, "we determine whether the evidence was sufficient, under the preponderance of the evidence standard, to support that order, including the amount of restitution." *Watts v. State*, 321 Ga. App. 289, 295 (3) (739 SE2d 129) (2013) (citation and punctuation omitted); accord *Austin v. State*, 315 Ga. App. 713, 714 (727 SE2d 535) (2012) ("[R]eview of evidence by this Court is limited to questions of sufficiency.") (citation and punctuation omitted). "[D]eterminations regarding the credibility of the witnesses and the weight to be accorded conflicting evidence are for the trial court, and this Court

will not interfere with such determinations as long as there is any evidence to support them." *Austin*, 315 Ga. App. at 714 (citation and punctuation omitted).

A primary goal of restitution is, "as nearly as possible, to make the victim whole." *Barnes v. State*, 239 Ga. App. 495, 500 (2) (521 SE2d 425) (1999) (citation and punctuation omitted). Thus, "[t]he amount of restitution ordered may be equal to or less than, but not more than, the victim's damages." *In the Interest of E. W.*, 290 Ga. App. 95, 97 (3) (658 SE2d 854) (2008) (citation and punctuation omitted), overruled in part on other grounds by *In the Interest of N. T.*, 355 Ga. App. 205, 212 (2), n. 7 (843 SE2d 877) (2020); accord OCGA § 17-14-9 ("The amount of restitution ordered shall not exceed the victim's damages."). In that vein, the maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action. See OCGA § 17-14-2 (2) (defining "[d]amages" to include "all special damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced, except punitive damages and damages for pain and suffering, mental anguish, or loss of consortium"). While fair market value typically is the measure of such damages, "evidence of the cost to repair an item [also] might be sufficient to establish the amount of damages." *In the Interest of E. W.*, 290 Ga. App. at 97 (3); accord *Burke v. State*, 201 Ga. App. 50, 51

3

(3) (410 SE2d 164) (1991). In a case involving an automobile, however, even when the cost to repair the vehicle is used as a measure of damages, evidence of the fair market value of the car before it was damaged is required to determine whether the cost of repairs exceeded the car's value, so as to comply with OCGA § 17-14-9. *Burke*, 201 Ga. App. at 51-52 (3). Importantly, fair market value "must be determined exactly." *De La Cruz v. State*, 358 Ga. App. 822, 823 (1) (856 SE2d 397) (2021) (citation and punctuation omitted); accord *In the Interest of E. W.*, 290 Ga. App. at 97 (3).

When determining the nature and amount of restitution, a trial court also must consider several factors in addition to the amount of damages, including the offender's financial resources, assets, income, and financial obligations, and the dual goals of restitution to the victim and rehabilitation of the offender. OCGA § 17-14-10 (a). However, written findings of fact supporting a restitution order are not required under Georgia law. *Ezebuiro v. State*, 308 Ga. App. 282, 286 (2) (b) (707 SE2d 182) (2011). "Rather, the only requirement is that the restitution order be supported by a preponderance of the evidence." Id.

The victims in this case, I. A. and J. A., are a married couple. J. A. testified at the restitution hearing that he and his wife had incurred $4,197.69 in out-of-pocket

4

expenses for damage to their vehicles caused by Tran ($1,625.96 for J. A.'s truck and $2,571.73 for I. A.'s car). The victims sought an additional $11,332.06, based on estimates for repairs that had not yet been completed as of the date of the restitution hearing. J. A. further testified that the fair market value of his truck was $9,000 in February 2021 but that he did not know the fair market value of his wife's car at that time. I. A. did not testify during the restitution hearing.

Turning to Tran's claims of error, we reject his contention that the trial court failed to consider his financial circumstances, given the substantial evidence he presented in that regard. We likewise reject his assertion that his limited financial means preclude an award in the amount ordered by the court. While Tran testified that he has been out of work for some time since his initial incarceration in this case and currently relies on his family for support, he also testified that he has a commercial driver's license and previously earned $50,000 per year driving trucks. Given his earning potential, we discern no error in the trial court's implicit conclusion that Tran's financial situation does not preclude the amount of restitution imposed. See, e.g., *In the Interest of N. T.*, 355 Ga. App. at 210-213 (2) (concluding that the trial court did not err in ordering a juvenile to pay $28,516.16 in restitution, based on evidence that the juvenile was determined to "do better" in school, had the ability to

5

learn skills that would provide him with an earning capacity, and had received a positive psychological evaluation); *Tindol v. State*, 284 Ga. App. 45, 45, 48 (4) (643 SE2d 329) (2007) (evidence that the defendant earned at least $6,000 yearly and would be on probation for at least six more years was sufficient for the trial court to find that he had the ability to pay $6,700.67 in restitution).

We also reject Tran's contention that the trial court was not authorized to award any restitution whatsoever for costs of vehicle repairs that have not yet been made. See *De La Cruz*, 358 Ga. App. at 824-826 (1) (the victims' testimony that the fair market value of a tractor trailer before it was damaged by the defendants was at least $23,000 and that the damage would require the replacement of numerous panels, which had not been replaced before trial, at a cost of $1,000 to $2,000 each was sufficient to support a restitution award of $12,401); *Mayfield v. State*, 307 Ga. App. 630, 632-633 (2) (b) (705 SE2d 717) (2011) (the victim's testimony regarding the value of his home before it was damaged by the defendant and estimates for the total cost to repair the damage was sufficient to establish the cost of repairs in relation to the home's value).

However, the trial court's restitution award cannot stand for several other reasons. First, J. A.'s testimony regarding the costs to repair his and his wife's

vehicles did not account for the total amount of restitution imposed. During the restitution hearing, J. A. identified the following amounts regarding damages to his truck:

$384.98 to replace a window;
$880.67 for paint and body damage;
$816.00 to replace the tires; and
$4,196.02 for additional paint and body damage.

The total of each of those figures is $6,277.67.[1] J. A. also identified the following amounts regarding damages to his wife's car:

$331.00 to replace the tires;
$3,744.89 for paint and body damage;
$375.00 to replace the tires a second time;
$1,383.38 for additional paint and body damage;
$796.37 to replace two windows;
$165.50 to replace two tires a third time; and
$1,929.99 to replace two additional windows.

---

[1] On appeal, Tran does not challenge the admissibility of the repair estimates and receipts on which J. A. based his testimony as to the damages sustained by his and his wife's vehicles.

The total of each of those figures is $8,726.13, and the total for both vehicles is $15,003.80.[2] The trial court's restitution award of $15,529.75 exceeds that amount by more than $500.00 Second, the amounts identified above include sums paid for warranties on replacement tires, but no evidence was presented as to how the costs of the warranties constituted "damages" sustained by either victim. Third, while J. A. testified as to the fair market value of his truck before it was damaged, the State presented no evidence of the value of I. A.'s car before any of the damages occurred.

Consequently, we must vacate the trial court's restitution award and remand this case for a new restitution hearing to address (i) the discrepancies between the evidence regarding the total repair costs and restitution awarded and (ii) after those discrepancies are resolved, whether the cost to repair either vehicle exceeds that vehicle's fair market value. See *Burke*, 201 Ga. App. at 51-52 (3); see also *De La Cruz*, 358 Ga. App. at 823 (1) (fair market value must be determined "exactly"); see also generally, e.g., *Austin*, 315 Ga. App. at 716-717 (vacating and remanding for a new restitution hearing because the victim provided insufficient evidence of the value of stolen coins); *In the Interest of E. W.*, 290 Ga. App. at 97-98 (3) (vacating and

---

[2] We note that the record contains J. A.'s handwritten notes purporting to identify the total costs of repairs as $6,702.63 for J. A.'s truck and $8,827.62 for I. A.'s car. As stated above, J. A.'s testimony did not support those totals.

8

remanding for a new restitution hearing because, inter alia, the State presented no evidence of the fair market value of a car damaged by the defendant); *Hawthorne v. State*, 285 Ga. App. 196, 198 (1) (648 SE2d 387) (2007) (vacating the trial court's restitution order and remanding for a new restitution hearing because the evidence of fair market value was insufficient); *Lovell v. State*, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988) (a trial court may not set the amount of restitution "by approximation rather than by a proper opinion of the value of the [property] damaged"); accord *In the Interest of R. H.*, 316 Ga. App. 317, 319 (728 SE2d 911) (2012) (physical precedent only).

2. Our ruling in Division 1 renders it unnecessary to address Tran's challenge to the denial of his motion for a continuance of the restitution hearing.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Reese, J., concur.*