**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 1, 2025**

# In the Court of Appeals of Georgia

A25A1764. IN THE INTEREST OF T. J., a child.

DOYLE, Presiding Judge.

Following a delinquency adjudication, T. J.[1] appeals from an order extending his probation as a Child in Need of Services ("CHINS") after a disposition review hearing pursuant to OCGA § 15-11-445.[2] Specifically, T. J. argues that the juvenile court erred because it extended his probation without giving him the notice required by OCGA § 15-11-443(a). Based on this record showing that T. J. had sufficient notice, we affirm.

---

[1] T. J. was born on May 24, 2012.

[2] Under OCGA § 15-11-445, "[t]he court shall review the disposition of a child in need of services at least once within three months after such disposition and at least every six months thereafter so long as the order of disposition is in effect."

The record shows that in July 2024, twelve-year-old T. J. was adjudicated as having committed a delinquent act which would be criminal trespass if he were an adult — throwing a brick through his aunt's car window. The next month, the juvenile court held a disposition hearing, determined that T. J. was a child in need of services, and placed him on six-month CHINS probation, effective August 19, 2024. The order stated that the probation would expire on February 19, 2025, but a review hearing would be held on November 13, 2024.

After holding the November review hearing, which T. J. and his attorney attended, the juvenile court entered an order on November 21, 2024 ("the November 2024 order"), finding that probation was still warranted and adding certain conditions, including authorizing the probation officer to use electronic monitoring as needed to address safety concerns due to T. J.'s violation of curfew. That order also stated that a CHINS review hearing would be set for February 10, 2025, and explicitly stated that the court would "consider modification of the terms and conditions of probation, including the length of probation."

On February 10, 2025, as noticed by the November 2024 order, the trial court held a hearing to review T. J.'s CHINS status and probation. At the hearing, T. J.'s

attorney objected to considering an extension of CHINS probation due to the lack of notice, citing OCGA § 15-11-443(a). The juvenile court took the objection under advisement and proceeded hearing from T. J.'s probation officer, guardian ad litem, and grandmother. At the conclusion of the hearing, the court found that T. J. was still in need of services, and it orally announced an extension of probation through June 30, 2025.

Later that day, the juvenile court entered a written order awarding temporary custody of T. J. to his current caregiver, his grandmother.[3] That order did not address the probation extension, and eleven days later, T. J. filed a motion for reconsideration of the juvenile court's oral announcement extending T. J.'s CHINS probation, among other things. Following an additional notice and hearing addressing the motion for reconsideration, the juvenile court entered a final written order memorializing its ruling extending probation until June 30, 2025. In that order, the juvenile court explained that it believed it had provided adequate notice of the possible probation extension in the November 2024 order. T. J. now appeals the extension order.

---

[3] The order authorized the grandmother to obtain any public assistance, medical care, public records, or health insurance on T. J.'s behalf.

T. J. argues that the juvenile court failed to provide the notice required by OCGA § 15-11-443(a). This presents a question of law, which we review de novo. See *Clark v. State*, 371 Ga. App. 37 (899 SE2d 479) (2024) ("Statutory interpretation is a question of law, which we review de novo, giving no deference to the trial court's ruling.") (punctuation omitted).

OCGA § 15-11-443(a) provides:

An order of disposition shall be in effect for the shortest time necessary to accomplish the purposes of the order and for not more than two years. A written disposition order shall state the length of time the order is to be in effect. An order of extension may be made if:

(1) A hearing is held prior to the expiration of the order upon motion of DFCS, DJJ, the petitioner, the prosecuting attorney, or on the court's own motion;

(2) Reasonable notice of the factual basis of the motion and of the hearing and opportunity to be heard are given to the parties affected;

(3) The court finds that the extension is necessary to accomplish the purposes of the order extended; and

(4) The extension does not exceed two years from the expiration of the prior order.

T. J. does not challenge the timeliness, lack of a hearing, duration, or the substantive findings underlying the probation extension; instead, he argues that the juvenile court entered the order of extension without notice of the factual basis or a motion by a party or the court. We disagree.

OCGA § 15-11-443(a)(2) authorizes orders of extension if a hearing is held on motion of a party or the court, and the juvenile court provides "[r]easonable notice of the factual basis of the motion and of the hearing." It does not further prescribe what that notice must be beyond "reasonable," but its meaning is not unclear,[4] nor its application here. It means what it says, see *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013), and in context, is part of a statutory scheme whose purpose is, among other things,

> to acknowledge that certain behaviors or conditions occurring within a family or school environment indicate that a child is experiencing serious difficulties and is in need of services and corrective action in order to protect such child from the irreversibility of certain choices and to protect the integrity of such child's family; [and] . . . [t]o provide a child

---

[4] See generally *In the Interest of L. T.*, 325 Ga. App. 590, 591-592 (754 SE2d 380) (2014) ("[W]here the language of a statute is plain and susceptible of only one natural and reasonable construction, an appellate court must construe the statute accordingly.").

with a program of treatment, care, guidance, counseling, structure, supervision, and rehabilitation that he or she needs to assist him or her in becoming a responsible and productive member of society.

OCGA § 15-11-380(1), (3). The legislature has codified that the Juvenile Code, of which the CHINS procedure is a part, "shall be liberally construed" in pursuit of the best interests of the child. OCGA § 15-11-1. See generally *In re T.B.*, 268 Ga. 149, 150 (486 SE2d 177) (1997) (noting that the juvenile code establishes a civil forum "concerned with the care, guidance, and well-being of children . . ., [and that] juveniles are declared delinquent because they need treatment and rehabilitation") (addressing the similar statutory provision in former OCGA § 15-11-41(g) (1996)).

Turning to the facts of this case, in the November 2024 order, the juvenile court provided notice of its intention to hold an extension hearing in February 2025, and it recited the court's factual findings with respect to T. J.'s progress during the existing CHINS probation period. In the November 2024 order, the juvenile court found that T. J. was "doing well" overall, but his "behavior was fluctuating," his academic performance was poor, and his school conduct was hampered by his inconsistent use of prescribed mood stabilization medication. The juvenile court further acknowledged the recommendation of the probation officer and concluded the

order by setting a review hearing for the purpose of considering modification of the terms and condition of the probation, "including the length of the probation."

Based on the juvenile court's written recitation of the factual history and T. J.'s performance, as well as the clear notice of the time and purpose of the February 2025 extension hearing, we conclude that the November 2024 order provided reasonable notice of the factual basis for the hearing by which the juvenile court extended T. J.'s probation. Cf. *In the Interest of R. B.*, 285 Ga. App. 556, 562 (4) (647 SE2d 300) (2007) (applying similar language in former OCGA § 15-11-58()(2) (2007)). T. J. does not dispute that he received the order , that he was represented by counsel at all times, and that he participated fully in each of the relevant hearings. Although the State did not move for the extension, the plain language of OCGA § 15-11-443(a) authorized the juvenile court to extend probation on its own motion with proper notice, which it provided here. Accordingly, in light of the notice provided in the November 2024 order, and T. J.'s informed opportunity to participate in the proceeding to address the necessity of a probation extension, we discern no reversible error.

*Judgment affirmed. Markle and Padgett, JJ., concur.*